## Case No. 6,577.
### HOFFMAN v. PORTER.
[2 Brock. 156.] [1]

Circuit Court, D. Virginia.[2] Nov. Term, 1824.

DISMISSAL OF SUIT — RETRAXIT — CONVEYANCE — SUFFICIENT DESCRIPTION OF GRANTEE.

1. The dismission of a suit agreed does not amount to a retraxit, and is no bar to a future suit for the same cause of action.

[Cited in Hoover v. Mitchell, 25 Grat. 390; Rolfe v. Burlington, C. R. & N. Ry. Co., 39 Minn. 400, 40 N. W. 267.]

2. A conveyance to "P. H. & Son," a mercantile firm, it seems, is a sufficient description of the son to enable him to take under the deed.

[Cited in Seymour v. Western R. Co., 106 U. S. 321, 1 Sup. Ct. 124.]

At law.

MARSHALL, Circuit Justice. This suit is brought by John Hoffman, surviving partner of "Peter Hoffman & Son," against William Porter, to recover damages for the breach of covenants contained in a deed conveying land to "Peter Hoffman & Son." The declaration states, that by a certain indenture, made the 10th day of April, in the year 1800, between William Porter the younger, and Polly his wife, of the one part, and Peter Hoffman & Son of the other part, which son is the said John, the plaintiff, they, the said William Porter the younger, and Polly his wife, in consideration of the sum of £1002 10s. current money of Virginia, conveyed to the said Peter Hoffman & Son, merchants and partners, a certain tract of land in the deed mentioned; and the said William Porter the younger, for himself and his heirs, covenanted to and with the said Peter Hoffman & Son, that they, the said William Porter the younger, and Polly his wife, had a good title to the premises, and that the said Peter Hoffman & Son might quietly enjoy the same; that the said Peter Hoffman had departed this life, and all his rights in the land and covenant survived to the plaintiff. The averment is, that the said William Porter, and Polly his wife, were not, at the date of the said deed, possessed of a good title to the said land, nor did the said Peter Hoffman & Son, in the lifetime of the said Peter, nor had the plaintiff since his death, enjoyed the same quietly; but in consequence of the defective title of the said William Porter the younger, and Polly his wife. the plaintiff has been molested, &c. in the enjoyment thereof. The defendant craved oyer of the deed, which is spread on the record, and appears to be a conveyance from William Porter, Sr., and Margaret his wife, and William Porter, Jr.. and Polly his wife, of the land in the declaration mentioned. to Peter Hoffman & Son, of Baltimore. The covenants for good title and quiet enjoyment are, that the said William Porter, Sr., and Margaret his wife,

and William Porter, Jr., and Polly his wife, have good title, and that the said Peter Hoffman & Son may quietly enjoy the premises.

The defendant pleads: (1) That he was formerly impleaded for the same cause of action, which suit, by the judgment of the court, the same being agreed by the parties, was dismissed.[3] (2) That the covenants stated by the plaintiff in his declaration, were none of them made with the plaintiff. He also demurs to the declaration. The plaintiff demurs to the plaintiff's first plea, and the defendant joins in demurrer.

The validity of the plea depends on the question, whether the judgment rendered in the former action is a bar to a new suit? The practice in the English courts furnishes no exact precedent for the case. The books mention a retraxit, a judgment of nonsuit, or a discontinuance. A retraxit only is a bar to a new action. This, I think, is not a retraxit. In a retraxit, the plaintiff openly renounces his action. In this case, some agreement is made between the parties for the termination of the existing suit, and the entry is made by the clerk without any exercise of judgment on the part of the court. It is the mere act of this party, and, I believe, is not, in the common practice, considered as more than a dismission of his suit by the plaintiff. See Pinner v. Edwards, 6 Rand. 675, and Coffman v. Russell, 4 Munf. 207. But this demurrer to the plea, as well as the demurrer to the declaration, brings before the court the validity of the declaration, and, consequently, of the conveyance which it sets forth. The conveyance is to Peter Hoffman & Son, and this action is brought by John Hoffman, who states himself to have been the partner in trade of Peter Hoffman, and to have been the son intended in the conveyance. The question is, whether John Hoffman can take as a purchaser by this description? That the word "son," connected with other words which ascertain the son intended, is a word of purchase, has been very well settled. In all the conveyances in what is termed "strict settlement," a conveyance to A., remainder to the first, second, third, and fourth sons of B., has been considered as unquestionably valid. If these words are good to pass a remainder, I can perceive no reason why they might not pass a present estate. If, then, this conveyance had been to the "first son" of Peter Hoffman, the estate might have passed to the first son. So, if he had been an only "son." But it is admitted that a conveyance to the son of A., he having several sons, would be void for uncertainty, and that no averment could make it good. The question then is, whether there is any thing in this deed to ascertain the son who is the purchaser? Peter Hoffman was in partnership with his son John, and the firm was known by the name

---

3 This suit was originally brought in a state court, and was dismissed agreed.

of "Peter Hoffman & Son." I am disposed to think that this circumstance may desig-, nate the son intended in the deed. I will not pretend that this question is free from doubt. But the justice of the case is clearly with the plaintiff, is clearly in favour of giving validity to the conveyance, and, I do not think that law ought to be separated from justice, where it is at most doubtful. The demurrer to the plea is sustained, and that to the declaration is overruled.