## SEYMOUR *v.* WESTERN RAILROAD COMPANY.

In an action upon a covenant, — contained in an agreement between the cove-nantor and " S. and such other parties as he may associate with him under the name of S. & Company," signed and sealed by the covenantor, and signed " S. & Co." by the hand of S., acting in behalf and by authority of the part-nership, — to pay to "the said S. & Company, parties of the second part," for work to be done by them, all those who are partners at the time of the sign-ing of the agreement may join.

ERROR to the Circuit Court of the United States for the Eastern District of North Carolina.

The case is stated in the opinion of the court.

*Mr. Samuel F. Phillips* and *Mr. John W. Hinsdale* for the plaintiffs in error.

*Mr. Augustus L. Merrimon* and *Mr. Thomas C. Fuller* for the defendant in error.

MR. JUSTICE GRAY delivered the opinion of the court.

This is an action of covenant, brought by Silas Seymour and three other persons, describing themselves as copartners trading in the name and style of S. Seymour & Company, and prose-cuted since the death of one of them by the survivors, against the Western Railroad Company, upon an agreement purporting to be made between the defendant of the first part, " and Silas Seymour and such other parties as he may associate with him under the name of S. Seymour & Company of the city of New York, of the second part ; " by which " the said S. Seymour & Company, parties of the second part," agree to construct a rail-road as therein specified ; and, " for and in consideration of the faithful performance by the said S. Seymour & Company, par-ties of the second part, of all and singular the conditions herein contemplated or contained on their part proper for them to do, the Western Railroad Company of the first part " agrees to pay " unto the said S. Seymour & Company, parties of the second part," certain sums in money, stock and bonds.    The agree-ment states that " the parties hereto have interchangeably set their hands," is duly signed and sealed in behalf of the defend-ant, and is also signed " S. Seymour & Co.," but is not other-

wise signed nor sealed in behalf of the plaintiffs or either of them.

At the trial the plaintiffs proved the execution of the agreement declared on, and offered evidence tending to show that Seymour executed it in behalf and by authority of the firm of S. Seymour & Company; that at its date, and until the subsequent stoppage of work under it, the plaintiffs composed that firm; that Seymour and the three others, as the persons whom he associated with himself under the name of S. Seymour & Company, immediately began and afterwards performed work upon the railroad under the agreement, the results of which had ever since been enjoyed by the defendant; and that the defendant knew that the plaintiffs composed the firm of S. Seymour & Company, and were working upon its road under the agreement as contractors. But the judge excluded the evidence, ruled that there was a variance, directed a verdict for the defendant, and rendered judgment thereon; and the plaintiffs alleged exceptions.

The court is of opinion that these rulings were erroneous. In an action upon a covenant made with two or more persons, all the covenantees must join, although only one of them seals the agreement. *Petrie* v. *Bury*, 5 Dow. & Ry. 152; s. c. 3 B. & C. 353; *Philadelphia, Wilmington, & Baltimore Railroad Co.* v. *Howard*, 13 How. 307, 337. It is not necessary that all of them should be named in the contract; it is sufficient that they are so described therein that they can be identified. Shep. Touchst. 236; *Gresty* v. *Gibson*, Law Rep. 1 Ex. 112; *Reeves* v. *Watts*, Law Rep. 1 Q. B. 412; s. c. 7 B. & S. 523; *M'Laren* v. *Baxter*, Law Rep. 2 C. P. 559. And upon a covenant with a partnership by its partnership name only, all who are partners at the time of its execution may sue. *Hoffman* v. *Porter*, 2 Brock. 156; *Brown* v. *Bostian*, 6 Jones (N. C.) L. 1; 1 Lindley on Partnership (4th ed.), 476.

The agreement declared on — by the recital that it is made between the defendant and "Silas Seymour and such other parties as he may associate with him under the name of S. Seymour & Company," by the repeated mention of "the said S. Seymour & Company, parties of the second part," and by the signature of "S. Seymour & Co."— appears to the court to

manifest the intention of both parties to the agreement to be that all the persons associated together under the name of S. Seymour & Company, at the time of the signing of the agreement, should do the work and receive the compensation therein stipulated.

It follows that the plaintiffs, upon proving to the satisfaction of a jury the facts above stated, which they offered to prove, would be entitled to maintain their action. The judgment for the defendant must therefore be reversed, and the case remanded with directions to set aside the verdict and order a

*New trial.*