## CONTINENTAL SUPPLY CO. v. PATRICK et al.

No. 8111—Opinion Filed Nov. 20, 1917.

(168 Pac. 996.)

### Trial—Abstract Instruction.

The giving of an instruction which is not applicable to any of the facts in evidence and which, taken in connection with other instructions given, would tend to confuse a jury constitutes reversible error, even though such instruction be correct as an abstract proposition of law.

(Syllabus by Rummons, C.)

Error from District Court, Caddo County; Will Linn, Judge.

Action by Continental Supply Company against J. D. Patrick and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded for a new trial.

Keaton, Wells & Johnston and Louis E. McKnight, for plaintiff in error.

A. J. Morris, for defendants in error.

Opinion by RUMMONS, C. This action was brought by the plaintiff in error, hereinafter styled the plaintiff, against the defendants J. D. Patrick, W. R. Meadows, S. A. Martin, and Charles Wiggins, partners doing business under the firm name and style of the Big Four Oil Company, to recover for supplies furnished by plaintiff to the defendants. The defendant J. D. Patrick appeared and put in issue the allegations of the petition of the plaintiff by a verified denial. Practically the only question at issue at the trial between plaintiff and defendant Patrick was the existence of the partnership alleged by plaintiff to exist between Patrick, Meadows, Martin, and Wiggins. It seems from the record that Patrick and Meadows were the owners of a drilling rig, that Wiggins was an employe of the plaintiff, and that these three, together with Martin, united to drill oil wells upon some lands leased by Wiggins and Martin in the state of Louisiana; that the supplies sued for were furnished from time to time during the progress of the drilling as required. The evidence of plaintiff tended to show that Patrick had ordered some of the supplies; the evidence of the defendant Patrick tended to show that Wiggins agreed to furnish the necessary supplies for the completion of the enterprise.

The only question necessary to be considered in this case is an instruction given by the court and excepted to by the plaintiff; the other errors complained of by the plaintiff not being such as will probably arise in a new trial. The instruction complained of is as follows:

"The court further instructs the jury that, although you may find from the evidence in this case that there was an agreement between the defendants Patrick, Meadows, Martin and Wiggins to form a partnership and to share in the profits of said business,

still if you further find and believe from the evidence that by the terms of said agreement the defendant Wiggins was to furnish all the supplies as his part of the capital stock of such partnership, and that he bought same of the plaintiff and delivered the same to the Big Four Oil Company, without the knowledge or consent of the defendant J. D. Patrick, that the same were charged to the said company or partnership and not paid for, then the law is for the defendant and you should so find."

Taken as an abstract proposition of law, the foregoing instruction is no doubt correct. The vice inherent in this instruction is that it is not applicable to the evidence. In the instant case the question of whether or not a partnership existed was to be determined by the jury. The court correctly instructed the jury that, if they found that the defendant Patrick, together with the others, entered into a contract by the terms of which they were to carry on the business of drilling for oil and gas and were to divide the profits between them, and, acting under such contract, they purchased from the plaintiff supplies to be used in the business of the partnership, they should find for the plaintiff for the value of such supplies. In the instruction complained of he tells them that, if Wiggins agreed to furnish the supplies as his contribution to the capital of the firm and bought the same and delivered them to the firm without the knowledge of the defendant Patrick that the same were charged to the firm, and not paid for, they must find for the defendant. It is true that, if Wiggins had agreed, preliminary to the formation of the partnership, to furnish the supplies as his contribution to the capital of the firm, and had purchased such supplies before the formation of the firm and delivered the same to the firm at its inception, Wiggins alone, and not the firm, would have been responsible for the indebtedness so incurred. But in the instant case the record discloses that the supplies were purchased from the plaintiff and delivered after the partnership, if in fact a partnership had been formed, had commenced and was engaged in the operation of its business. When the partnership was formed, if there was a partnership, the acts of any of the partners in the name of the firm within the scope of the partnership business would bind all of the partners, whether they knew of such acts or not, unless the person dealing with such firm knew that the partner purporting to act for the firm was acting without authority.

We are unable to say that the jury in the instant case could distinguish the difference between an agreement to enter into a partnership and a contract of partnership. The instructions given by the court were therefore misleading and confusing to the jury, and as the instruction complained of was inapplicable to the evidence in the case,, the giving of this instruction constitutes reversible error.

The judgment of the trial court should therefore be reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.