## MORRIS v. WHITE.

No. 26290. March 24, 1936.

Rehearing Denied Sept. 29, 1936.

G. C. Abernathy, Edward Howell, and Kenneth Abernathy, for plaintiff in error.

W. H. C. Taylor, for defendant in error.

BAYLESS, J. Lloyd Morris, an infant by his next friend, appeals to this court from a judgment of the district court of Oklahoma county, Okla., based upon the verdict of a jury, in favor of Sid White. The plaintiff in error was plaintiff below, the defendant in error was defendant below, and the parties will be referred to herein by their respective positions in the trial court.

The plaintiff received severe injuries as a result of coming in contact with an automobile owned and driven by the defendant. Plaintiff charged defendant with negligence, and defendant charged plaintiff with contributory negligence.

Plaintiff assigned several errors in his petition in error, but in his brief argues only two of them, to wit: (1) Error in giving certain instructions; and (2) error in refusing to give certain requested instructions.

Plaintiff first complains of the giving of instruction No. 5:

"Likewise, the burden of proof is upon the defendant to establish his allegations of contributory negligence by a preponderance of the evidence, unless the same has been established by the evidence of the plaintiff."

We can see no error in this instruction. The burden of proof of the allegation is correctly placed. The latter portion of the instruction tells the jury that it may find contributory negligence from all of the evidence.

Plaintiff next complains of the giving of instruction No. 10:

"You are instructed that the rights, obligations and duties of the plaintiff and the defendant at the crossing in controversy were mutual and reciprocal, and no greater degree of care was required by one than the other. Both are charged with a mutual degree of care in keeping a lookout on their part, and the degree of care and diligence to be exercised by both is such as a prudent person would exercise under similar circumstances."

In connection with this we will consider plaintiff's assignment that the court erred in refusing to give requested instruction No. 5. This requested instruction contained a fairly correct statement of the standard by which a child's alleged contributory negligence is measured. See Davis v. Bailey, 162 Okla. 86, 19 P. (2d) 147, wherein it was held that a child is judged on the question of contributory negligence by the jury in the light of the following factors: age, previous training, experience, discretion, intelligence and the character of the danger encountered. We said therein that no court had attempted to say at what age a child may be considered upon the same basis as an adult in determining contributory negligence. Clearly, the instruction given by the court did not embody the correct standard. The court instructed the jury that plaintiff and defendant were upon the same plane, and thereby invaded the province of the jury.

Section 3206, O. S. 1931 (2822, C. O. S. 1921; 6005, R. L. 1910), forbids this court reversing a judgment of a trial court unless we can say from an examination of the entire record that such alleged error resulted in a miscarriage of justice, or has deprived the complaining party of a constitutional or statutory right. Many cases are cited in the footnote of this section. Obviously, each record must be judged for itself.

The record shows that the plaintiff was standing upon the north side of the highway as the same entered the town of Meeker, Okla., from the west; that a wagon was traveling west and plaintiff was waiting for it to pass him in order that he might cross the highway in going south; that defendant's car was coming from the west and was virtually passing the wagon; that plaintiff immediately tried to cross the highway when the wagon had passed him, and was struck by defendant's car. Plaintiff's theory that defendant was traveling at a dangerous, reckless, and unlawful rate of speed and failed to keep a proper lookout was amply supported by his evidence. Defendant's theory that he was traveling at a moderate rate of speed, that he was keeping a proper lookout, and that plaintiff suddenly came out from behind the wagon, at a dogtrot, with his head slightly bowed, and ran against the side of defendant's car, was also amply sustained by defendant's evidence. The evidence relating to plaintiff's injuries was uncontroverted, and in our opinion indicated that plaintiff sustained severe, disabling, and disfiguring injuries. In other words, the jury must have been impressed with the gravity thereof. Yet the jury returned a verdict for the defendant.

We are of the opinion, from an examination of the entire record, that the jury must have been so impressed with the fact that plaintiff was guilty of contributory negligence, or that in any event the accident was unavoidable, to the extent that no recovery would have been allowed plaintiff had the court correctly instructed the jury on the point complained of. We cannot say from a search of the record that the instruction given resulted in a miscarriage of justice.

Judgment affirmed.

McNEILL, C. J., and PHELPS, CORN. and GIBSON, JJ., concur.