Judson Henry WASSON, Plaintiff in Error,

v.

Samuel B. DAVIS, Defendant in Error.

No. 36574.

Supreme Court of Oklahoma.

May 10, 1955.

Joe Francis, Tulsa, for plaintiff in error.

Sanders & McElroy, Tulsa, for defendant in error.

JOHNSON, Chief Justice.

Judson Henry Wasson, plaintiff in error, brought an action against Samuel B. Davis, defendant in error (each hereinafter referred to as they appeared in the trial court) for damages for personal injuries allegedly sustained when he was hit by defendant's negligently driven automobile while he was lawfully crossing a public street in the City of Tulsa, Oklahoma. Defendant's defense was unavoidable accident and contributory negligence. A trial upon the issues resulted in a jury verdict for the defendant, and the trial judge rendered judgment accordingly, resulting in this appeal. Plaintiff, for reversal, claims that the Court erred in giving instructions 8, 9 and 10, and in refusing to give (his) requested instructions 2, 3 and 4.

In considering specific contentions of error as to any given instruction we are committed to the rule that instructions must be considered as a whole and construed together. No one particular instruction need contain all the law of the case. It is sufficient if, when considered as a whole, instructions fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced. See Sanders v. C. P. Carter Construction Co., 206 Okl. 484, 244 P.2d 822 and cited cases.

Instruction No. 8 submitted to the jury the question of common law negligence, which plaintiff claims was withdrawn from the jury by instruction No. 9 because instruction No. 9 dealt solely with the ordinances of the City of Tulsa, which were plead and adduced in evidence, and provided as follows:

"Article V. Pedestrians—Rights and Duties

"Section 17. Pedestrians subject to signals. Pedestrians shall be subject to traffic control signals at intersections officially designated, but at all other places pedestrians shall be accorded the privileges and shall be subject to the restrictions as hereinafter stated.

"Section 18. Pedestrians Right of Way at Crosswalks. Where traffic control signals are not in place or in operation, the driver of a vehicle shall yield the right of way, slowing down or stopping if need be to so yield, to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection, except as other wise provided in this ordinance.

"Section 19. Crossing at other than Crosswalks.

"c. Every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and shall give warning by sounding his horn when necessary, and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.

"Article VII. Operation of Vehicles.

"Section 67. Speed Limits.

"a. No person shall drive a vehicle in the City of Tulsa on public property, or private property open to public use, other than at a careful and prudent speed, not greater than, nor less than reasonable and proper, having due regard to visibility, weather, traffic, mechanical condition of vehicle, width and condition of roadway, and all other conditions existing.

"b. No person shall drive a vehicle at a speed greater than permits him to stop in the assured clear distance ahead. (A collision with a stopped vehicle or a fixed object shall be prima facie evidence of a violation of this section.)"

Instruction Number 9 provided:

"You are instructed that certain sections of the city ordinances of the City of Tulsa have been introduced in evidence in this case, and that a violation of a city ordinance constitutes negligence per se, that is, negligence within itself.

"If you find and believe from a preponderance of the evidence in this case that the defendant violated any of the sections of the ordinances above referred to, and that such negligence on the part of the defendant, if any, was the direct and proximate cause of the injury complained of, and that the plaintiff was free from contributory negligence, then your verdict should be for the plaintiff and against the defendant.

"On the other hand, if you fail to so find, your verdict should be for the defendant."

Instruction 14 provided:

"You are instructed that in arriving at your verdict in this case you will not single out any particular instruction or paragraph of any instruction given you herein, but you will consider each instruction in connection with all the others in this case, and so apply such instructions in their entirety to the evidence before you, and in so doing endeavor to arrive at a just and true verdict, under all the instructions and all the evidence in the case, and return such verdict into court."

The question of common law negligence submitted by instruction 8 was not withdrawn from the jury by instruction 9.

In accord with instruction 14, supra, and the rule above stated that instructions must be considered as a whole and construed together, these instructions fairly presented the law applicable to the issues in the pleadings upon which competent evidence was introduced. The giving of instructions 8 and 9 was not error.

Plaintiff asserts that the trial court erred in giving instruction number 10 on the question of unavoidable accident, arguing that there was no evidence that the accident was unavoidable, citing Huey v. Stephens, Okl., 275 P.2d 254. This argument is not sustained by the record. The evidence herein discloses that defendant at the time he entered the street intersection was driving 20 to 25 miles per hour on a boulevard upon which was posted speed signs for the movement of traffic at 30 miles per hour. The defendant was driving within the speed limit. When the plaintiff stepped out from behind the east-bound car, the defendant was then in the intersection and was only 25 to 30 feet from plaintiff. The defendant testified that he cut sharply to the left and applied his brakes; that he was on his side of the road where he had a legal right and an equal right with plaintiff to lawfully use the road.

The plaintiff admitted that he did not see the defendant. He admitted that he did not look or maintain a lookout after he started across the intersection. He did not deny defendant's testimony that he was walking with his head down. Plaintiff admitted in his opening statement to the jury and in his direct and cross-examination that he had consumed three beers. Plaintiff did not alter his course after he stepped from behind the east-bound automobile nor did he do anything to avoid the accident. He testified that he was not intoxicated. Under these circumstances, the issue of unavoidable accident raised by defendant's pleadings was properly before the jury under instruction 10. Morris v. White, 177 Okl. 489, 60 P.2d 1031, 1032.

■ In Morris v. White, supra, this Court held that 22 O.S.1951 § 1068:

"* * * forbids this court reversing a judgment of a trial court unless we can say from an examination of the entire record that such alleged error resulted in a miscarriage of justice or has deprived the complaining party of a constitutional or statutory right. * * *

"We are of the opinion, from an examination of the entire record, that the jury must have been so impressed with the fact that plaintiff was guilty of contributory negligence, or that in any event the accident was unavoidable, to the extent that no recovery would have been allowed plaintiff had the court correctly instructed the jury on the point complained of. We cannot say from a search of the record that the instruction given resulted in a miscarriage of justice."

■ Further, the plaintiff did not except to the giving of instruction No. 10. Neither was the giving of this instruction urged as one of the grounds for a new trial. It is raised for the first time in this Court. The rule applicable herein is stated in National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316, 317. Therein, in the 4th paragraph of the syllabus, we said:

"Where exceptions are not saved to instructions as required by 12 O.S.

1941 § 578, this court will review such instructions only to determine whether they are free from fundamental error."

■ We find no fundamental errors of law in the instructions. The instructions, as a whole, fairly presented the applicable law to the issues.

■ It follows, as a legal sequence, that where instructions given by the Court fairly present the law applicable to the issues, the Court's refusal of requested instructions is not error affecting the substantial legal rights of complaining party.

The judgment is affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, BLACKBIRD, and JACKSON, JJ., concur.