383 P.2d 879 (1963)
Mary Ellen KNIGHT, Plaintiff in Error,
v.
C.N. ESTES, individually, and d/b/a C.N. Estes Products, Defendant in Error.
No. 39868.
Supreme Court of Oklahoma.
July 16, 1963.
Wallace & Bickford, Ardmore, for plaintiff in error.
Fischl, Culp & McMillin, Ardmore, for defendant in error.
*881 BERRY, Justice.
The parties here will be referred to as they appeared below. Plaintiff brought this action against defendant in the lower court for damages for personal injuries sustained by her as the result of a collision by the automobile in which she was a passenger, with the defendant's tar pot and trailer. Defendant's tar pot and trailer were parked at the time on "A" Street Northeast, between Broadway and 2nd Avenue, in the City of Ardmore, Oklahoma.
Plaintiff alleged generally in her petition that the defendant's tar pot was equipped with burners and almost full of hot melted tar at the time of the accident; that no warning signs or barricades were in place around said pot; that the hot tar was a dangerous instrumentality; that the defendant was negligent in having the same upon a public street unprotected and unattended and that as a result of the collision of the car in which plaintiff was a passenger with the pot and trailer, hot tar was thrown out of the pot into the car and over and upon plaintiff severely burning her, causing great pain, scarring, disability, and hospital and medical bills.
Defendant answered with a general denial and affirmatively pleaded that he had his tar pot and trailer parked in an authorized parking space; that he was using the same in performing repairs to the roofs of nearby buildings; that he had taken proper precautions to warn the public of his operation by placing barricades, warning devices and protective signs at, near and around the tar pot; that it was not unattended nor unguarded; that it was not parked in violation of city ordinances; that the tar pot was not of itself a dangerous instrumentality and that plaintiff was guilty of contributory negligence by virtue of her intoxicated condition at the time, and her failure to remonstrate with her companion driver who was also intoxicated, and driving under the influence of intoxicants.
The cause was tried to a jury who rendered a verdict for the defendant and against plaintiff. From the trial court's order granting judgment to defendant and overruling plaintiff's motion for new trial, plaintiff lodged this appeal urging errors of the trial court in giving Instructions No. 5, 6, 7, 9 and 11 to which he had properly excepted, and refusing to give plaintiff's requested Instructions No. 1, 2, 3, 4, 5 and 6.
Plaintiff puts these allegations of error under six propositions. To these allegations generally we would say in the first instance that we are firmly committed to the rule that "Instructions must be considered as a whole and construed together, and while a single instruction standing alone may be subject to some criticism, yet, when the instructions taken together in their entirety, fairly submit the issued to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed. It is not necessary that any particular paragraph of the instructions contain all the law of the case; it is sufficient if, when taken together and considered as *882 a whole, they fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced." Wasson v. Davis, Okl., 283 P.2d 807, Syllabus 1, and Sanders v. C.P. Carter Construction Co. et al., 206 Okl. 484, 244 P.2d 822, and cited cases therein. We will, however, consider separately each averment.
Plaintiff contends under Proposition 1 that the court erred in giving Instructions No. 5 and 7 as being inconsistent. Instruction No. 5 as given by the court was recitation of one of the Ardmore City ordinances as follows:
"It is unlawful for any person to place, or cause to be placed, or let fall and remain, in or upon any street any scrap iron, nail, tack, glass, stick or other thing which is likely to injure persons or damage property."
Instruction No. 7 said in part:
"You are instructed that all persons using the streets and highways for the operation of motor vehicles or for the operation of motor vehicles or for the parking of business equipment, owe to the public and other vehicles on the highway and pedestrians the duty of controlling, driving or operating such motor vehicle or business equipment so as to avoid causing injury, and in the performance of that duty they are bound to take all reasonable precautions which ordinary prudent persons usually exercise in the same or similar circumstances.
"You are therefore instructed that the tar pot mounted on a trailer and appurtenant equipment, with burners, is not in and of itself a dangerous instrumentality, but when in use and operation and containing boiling or liquid tar might become so. You are further instructed that it is not unlawful to park such a pot mounted on a trailer on the street next to the curb in a place where parking by other vehicles is not unlawful, but that if defendant chooses to park and operate such tar pot on said street in a proper parking area, then it is the duty of the defendant in the location, construction, arrangement and operation of his tar pot and appurtenant equipment, to exercise such prudence and care to prevent injury therefrom as an ordinary prudent man would exercise under the same or similar conditions. Failure to exercise such care would of course constitute negligence. In determining whether the defendant here was negligent or not negligent, you may consider how the defendant's tar pot, trailer and appurtenant equipment were located, constructed, arranged and operated, and what precautions, if any, were used to prevent persons from coming in contact with the contents of said tar pot, or to notify the public of the presence and operation of such tar pot." (Emphasis ours.)
Although plaintiff argues that these two instructions are inconsistent and conflicting, she fails to point out in what way and suggests that it is obvious. In support of this conclusion she cites City of Tulsa, a Municipal Corporation v. Pearson, Okl., 277 P.2d 135, Syllabus 1. We do not agree.
To our minds, a careful reading of these two instructions fails to make obvious wherein they conflict or confuse so as to come within the holding of the Tulsa City case, supra. Plaintiff, herself, pleaded the city ordinance and requested such an instruction. Therefore her complaint must be actually directed at Instruction No. 7. We believe that the court's Instruction No. 7 fairly presented the law applicable to the issues raised in the pleading and upon which competent evidence was introduced. See Wasson v. Davis, supra.
If there were error, and we do not so decide, it would be as to Instruction No. 5, which error, if any, plaintiff invited and participated in. We hold that the giving of Instruction No. 7 was not error and that the error, if any, in giving Instruction No. 5 was harmless.
*883 Plaintiff's Proposition 2 avers that the court's action in giving Instruction No. 6 was error in that it incorrectly states the law and contains material not relevant to the case and refers to matters not raised in either pleading or evidence.
Instruction No. 6 reads as follows:
"It is the duty of a person or persons operating, parking, or using motor vehicles or other vehicles or equipment on the highways, streets and roads of this state, to observe the state laws and ordinances with reference thereto, and a violation of a state law or an ordinance in the operation, parking, or using of such vehicles or equipment is negligence per se, that is negligence in and of itself. However, before a person guilty of negligence per se may be held liable in damages therefor, it must appear from a preponderance of the evidence that such negligence per se was the proximate cause of the injuries and damages, if any, sustained.
"An excellent illustration of this principle of law appears in this case. There is an ordinance of the City of Ardmore which requires persons parking on the streets of the City of Ardmore at places where parking meters have been installed by the City of Ardmore, to deposit certain coins in such parking meters during the time that the vehicle is parked beside such parking meter. This ordinance would be applicable to the defendant in the parking of his pickup truck and tar pot trailer at the time of the accident here in question. Obviously, however, the failure of the defendant to deposit coins in the parking meter had nothing to do with the causation of the accident in question. To put it another way, had he deposited coins in the parking meter as required by the ordinance it would not have in any way prevented the accident here in question."
Plaintiff complains that this instruction is predicated on the proposition of the vehicle being the dangerous instrumentality when in fact it was the hot tar contained in the pot and that it led the jury to believe that the proper parking of the vehicle was the sole question involved. This contention might have merit were it not for the court's Instruction No. 7, supra.
We held in Syllabus 1 of Wasson v. Davis, supra, that "Instructions must be considered as a whole and construed together. No one particular instruction need contain all the law of the case. It is sufficient if, when considered as a whole, instructions fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced." The cases cited by plaintiff do not support her view under the evidence here, but are authority for the rule that an instruction on a fundamental issue not supported by any evidence is error. Here the record reveals that plaintiff injected the matter of whether defendant had placed coins in the parking meters by her cross examination of city police witnesses and direct examination of defendant himself. She pursued such inquiry to the point that an instruction by the court was required to guide the jury in considering this evidence. See Bottoms v. Botts, Hulme and O'Dell et al., Okl., 349 P.2d 653, wherein we said "It is the duty of the trial court * * * to instruct upon the decisive issues raised by the pleadings and evidence in the case." We hold that the giving of Instruction No. 6 was not error.
Plaintiff's allegations under Proposition 3 are principally the same as her contention in Proposition 1, which we have disposed of earlier.
Plaintiff's Propositions 4, 5 and 6, which urge error in the trial court's refusal to give her requested Instructions No. 3, 5 and 6, are squarely within the rule laid down by us in Miller v. Hickman et al., Okl., 359 P.2d 172, wherein we held in Syllabus 7 that "Where the trial court has submitted a case to the jury under proper instructions on its fundamental issues, and judgment within the issues and supported *884 by competent evidence has been rendered in accord with the verdict, said judgment will not be reversed because of the court's refusal to give additional or more detailed instructions requested by the losing party, if it does not appear probable that such refusal has resulted in a miscarriage of justice or a substantial violation of one or more of said party's constitutional or statutory rights."
Although no treatment of the court's Instruction No. 9 is made in plaintiff's brief, we have examined it and find no error therein.
Finally, plaintiff avers in her Proposition 7 that Instruction No. 11 is an incorrect statement of the law and improperly instructs as to contributory negligence and over-emphasizes contributory negligence. Defendant urges that under the pleadings and evidence in this case it was necessary for the court to instruct the jury that plaintiff could recover if the defendant were negligent and the plaintiff were free of contributory negligence, and that it was also necessary for the court to instruct the jury that if it found plaintiff free from negligence and the accident was caused by the concurring negligence of plaintiff's driver and defendant, it was not to compare the negligence but must find for plaintiff.
A critical examination of this instruction when applied to the evidence in the record here does not wholly support defendant's position. However, even if such instruction were improper, it was not, to our minds, misleading in view of the other instructions given.
We have considered the instructions given and judged them in the light of the evidence and the issues raised thereby, and we have compared and contrasted them with instructions requested. After so doing, we have come to the conclusion and hold that the instructions given substantially cover the issues; that they fairly and adequately explain to the jury the applicable rules of law; and that the rejection of instructions requested by plaintiff was not harmful.
Judgment is affirmed.
HALLEY, V.C.J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.