**OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY,**
Plaintiff in Error,

v.

**Berry LAY, Defendant in Error.**

No. 40655.

Supreme Court of Oklahoma.

Jan. 12, 1965.

Clayton B. Pierce, Oklahoma City, for plaintiff in error.

Leon S. Hirsh, James C. Harkin, Paul Johanning, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This appeal arises out of an action by defendant in error, hereinafter referred to as plaintiff, against plaintiff in error, hereinafter referred to as defendant, to recover under the terms of a fire insurance policy previously issued to said plaintiff by said defendant, the cost (among other things) of replacing a small frame house in Sayre, Oklahoma, owned by plaintiff, that was almost totally destroyed by fire on the night of February 18, 1960.

Plaintiff's petition filed in the action, which was not commenced until September, 1961, alleged, among other things in substance, that it would cost $2451.76 to put the house in the condition it was in before the fire. The defenses alleged in defendant's second amended answer were in substance that plaintiff had deliberately set fire to the house himself in violation of the insurance policy sued upon, and that the action was barred by the one-year period of limitations applicable thereto. In his Reply, plaintiff specifically denied that he, or anyone at his behest, had set the fire, and, in apparent contemplation of showing that defendant had waived the policy's one-year limitation provision he alleged, in substance, that it had "repeatily" negotiated with him for a settlement of his claim and had never denied liability under the policy until after the action was filed.

At the trial it was established, without question, that the fire was of incendiary origin, and that defendant had caused an investigation of it to be made by the Oklahoma Bureau Of Investigation, but the identity of the arsonist was never discovered. There was also evidence that defendant had negotiated with plaintiff to give it a release of liability under the subject policy for a nominal money consideration, and that never during the period of more than one year between the date of the fire and the commencement of the action had defendant specifically and categorically rejected the claim for the fire loss that plaintiff had made promptly after the fire occurred, until August, 1961, the month immediately prior to the filing of this action. The appraisals of the value of the property elicited from the witnesses ranged from $800.00 for the house alone (making allowances for the cost of moving it off of its lots) to $3500.00, which apparently included the value of the lots. Among other things, the evidence disclosed, however, that, after the fire, plaintiff had sold the lots for $400.00.

At the close of the trial, the court submitted the case to the jury under instructions which included one numbered "7" that authorized the jury to determine from the evidence of defendant's conduct whether or not it had waived the policy's requirement that an action brought upon it be commenced "within twelve (12) months next after inception of the loss."

The verdict and judgment were in plaintiff's favor for the sum of $1950.00 with interest.

After the overruling of defendant's "MOTION FOR JUDGMENT NON OBSTANTE VERDICTO OR, IN THE ALTERNATIVE FOR A NEW TRIAL" in which it was specifically charged that the court's giving of its Instruction No. 7 on the issue of waiver was error, " * * * there being offered no competent evidence justifying * * * submission of any such issue to the jury", defendant perfected the present appeal, and makes the giving of said instruction the sole basis of its argument for reversal.

 While defendant mentions certain wording in the instruction that might be interpreted as authorizing the jury to focus its attention on a single act of the defendant, the burden assumed in its argument is generally the same as that presented to the trial court in its above-mentioned motion for judgment notwithstanding the verdict and/or new trial, viz: That the evidence, as a whole, did not warrant submitting to the jury the issue of whether or not defendant, by its conduct, had waived the policy's requirement that plaintiff's action be commenced within twelve months, or one year, after the fire. As defendant's argument deals only with part of the evidence pertinent to the issue, we have concluded that it fails to sustain its burden of showing that the jury was misled by Instruction No. 7 to the extent of affecting its verdict. In this connection see Bottoms v. Botts, Okl., 349 P.2d 653, 659, and cases digested under the "Harmless Error" Statute in 12 O.S.A. § 78, Note 96.

 Contrary to the impression given in defendant's brief that there was no evidence tending to show that defendant made plaintiff any offer of settlement, except one in December, 1960, plaintiff testified that Moore, who was at that time defendant's "Staff Adjuster", contacted him at Sayre, again in July, 1961, and offered to pay him $500.00 in settlement of his claim. Plaintiff further testified that he went to the office of Mr. Gulledge, defendant's agent at Sayre, soon after the fire and filled out a claim for the fire loss, and that on that occasion, Gulledge told him to get an estimate of the damage made. The undisputed evidence established that plaintiff procured such an estimate from certain men who did repair work on dwellings and submitted it to Gulledge. Plaintiff further testified that when he took the estimate to Gulledge, the latter told him he would have an adjuster come out "and settle it up"; that the adjuster, Moore, came from Hobart, and contacted him later; that Moore told him "they would settle it, fix the house back." Plaintiff further testified that he didn't file the suit within a year after the loss because " * * * he (evidently referring to Moore) told me he wanted to catch the guy that set it, and they would settle it with me, not to worry about it." He further testified that the first time any representative of the defendant told him it was not going to pay the loss was in August, 1961; that it was then that he contacted his attorney and caused this action to be filed. Of course, some of the crucial parts of the above-described evidence introduced by plaintiff were contradicted by defendant's witnesses, but our recital of it demonstrates that there was evidence, which, if believed by the jury, furnished a basis for deciding (contrary to representations in defendant's brief) that plaintiff may have been lulled by defendant's conduct into delaying the commencement of this action more than a year after his loss, in the belief that defendant was going to settle with him without the necessity of taking such action. Submission of the issue of waiver to the jury, in such a case, is in no manner inharmonious with the expressions quoted in defendant's briefs from Michigan and Illinois cases, and, more importantly, it is in harmony with the first paragraph of the syllabus in this Court's Agricultural Ins. Co. of Watertown, N. Y. v. Iglehart (Okl.) 386 P.2d 145. We think the evidence in this case distinguishes it from Gibralter Fire & Marine

Ins. Co. v. Lanier, 64 Ga.App. 269, 13 S. E.2d 27 and Continental Insurance Co. v. Fire Association, 6 Cir., 152 F.2d 239.

As we have found defendant's argument insufficient to demonstrate prejudicial error in the trial court's giving of its Instruction No. 7, the judgment of that court is hereby affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, IRWIN and BERRY, JJ., concur.