# HENDERSON v. GATES.

| 52 | 371 |
| 60 | 563 |

CHATTEL MORTGAGE: *Description of property, etc.*

  The mortgage of a crop which designates it as "my entire crops of cotton and corn, to be raised by me the present year, or contracted by me," and which recites the names of the grantees as "Henderson, Echols & Co.," sufficiently describes both the property conveyed and the mortgagees, and is not invalid as to third parties for uncertainty.

Henderson v. Gates.

APPEAL from *Prairie* Circuit Court.

M. T. SANDERS, Judge.

The appellees, F. Gates & Co., were sued by appellants, Henderson, Echols & Co., for the value of two bales of cotton, which had been purchased by them from one Maddox, and upon which appellants claimed to have had a mortgage. On the trial appellants offered their mortgage in evidence, and appellees objecting to its introduction as evidence, the court sustained their objection and excluded it. Two defects in the mortgage were insisted on. First—That the description of the crops of corn and cotton was too imperfect to render the instrument valid as against third parties who had acquired an adverse claim to the same innocently and in good faith. Second—The description of the mortgagees was too uncertain, their names being recited as "Henderson, Echols & Co."

The mortgage relied on describes the crop in these words: "My entire crops, of cotton and corn to be raised by me the present year, or contracted by me." It was duly recorded in the Recorder's office for Monroe County.

*J. E. Gatewood* and *T. J. Oliphint*, for appellants.

1. The description in the mortgage, and its record in Monroe County, was sufficient to enable third parties, aided by inquiry, to identify the property. *Jones Ch. Mortg., secs. 54, 53, and note; 51 Ark., 410; 65 Ga., 644; 60 Ala., 394; 78 id., 28; 79 id., 335; Jones Ch. Mortg., sec. 64; 18 Pac. Rep., 491; 39 N. W. Rep., 582; 35 ib., 598; 10 Daly, 202; 28 N Y., 362; 37 id., 593; Smith Ch. Mortg., 10.*

2. Oral evidence is competent to identify the articles. *18 Barb., 201; 28 Hun., 25; 9 Barb., 630.*

*Sandels & Warner*, for appellee.

1. The description is not only insufficient, but unintelligible. *74 Ind., 495; 36 N. W. Rep., 719; 57 Iowa, 662; 41 Ark., 70; 43 id., 350; 26 Kan., 589.*

2. The description of the mortgagees was not sufficient. *36 Ark., 464.* The mortgage fails to name any *person* as grantee.

PER CURIAM. The mortgage offered in evidence sufficiently described the subject mortgaged (*Johnson v. Grisard, 51 Ark., 410*) and the parties named as mortgagees. *Perciful v. Platt, 36 Ark., 456; Kellogg v. Olsen, 34 Minn., 103; Morse v, Carpenter, 19 Vt., 613; Sherry v. Gilmore, 58 Wisc., 332–3; Chicago Lumber Co. v. Ashworth, 26 Kan., 212; Newton v. McKay, 29 Mich., 1; Beaman v. Whitney, 20 Me., 413; Hoffman v. Porter, 2 Brock, 156; Murray v. Blackledge, 71 N. C., 492.*

The court erred in refusing to admit the mortgage in evidence.

Reverse and remand for a new trial.