## TALBOT *et al.* v. MATTOX, DAWSON & POSEY REALTY CO.

### No. 466.   Opinion Filed May 10, 1910.

#### (109 Pac. 128.)

1.   **CUSTOMS AND USAGES—Sufficiency of Proof.** Proof of a local custom, without establishing knowledge of same in the party sought to be bound, unless such usage or custom is so notorious, universal and well established that notice to such party will be conclusively presumed, is not sufficient.

2.   **BROKERS—Exclusive Agency — Evidence.** The fact that the principal had not listed the land for sale with any other agent at the time he authorized a certain agent to sell same, without more, did not constitute an exclusive agency.

(Syllabus by the Court.)

*Error from Jackson County Court; W. T. McConnell, Judge.*

Action by the Mattox, Dawson & Posey Realty Company against J. W. Talbot and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*W. C. Austin* and *E. E. Gore,* for plaintiffs in error.—Citing: *Fitzgerald v. Hauson* (Mont.) 41 Pac. 230; *Ergison v. Gooch,* 40 L. R. A. 237; *Wyckoff v. Taylor,* 13 Daly (N. Y.) 569; 19 Cyc. 278; 22 Enc. Pl. & Pr. 552.

*Everett, Pelry* and *Johnson, Reigal & Morrill,* for defendant in error.

WILLIAMS, J.   It is alleged in plaintiff's petition (defendant in error) that the defendant (plaintiff in error) Talbot employed the plaintiffs to sell the aforesaid land, and expressly agreed that they should be the only agents appointed to sell the said land, and that their compensation should be what difference they could get over and above the sum of $2,000.   The answer of the defendant is in part as follows:

"(3)) He denies that he ever made a contract with the said plaintiffs employing them as his exclusive agents to sell said land.

(4) He denies that he ever employed said plaintiffs to sell said land described in their petition. (5) He denies that said plaintiffs ever sold, or were instrumental in, contributed to, or aided in selling, said land to one Charles Ragley."

J. M. Posey, one of the plaintiffs, over the objection and exception of the defendant, was permitted to testify as follows: "It is our custom never to handle real estate except on an exclusive agency." In the bill of exceptions, the trial judge states that this evidence was admitted upon the statement of the counsel of plaintiffs that they desired to show the course of their business; but it nowhere appears that the defendant had knowledge thereof. The action of the trial court is urged here as prejudicial error; it being insisted that proof of a particular custom of the business of a particular firm of peculiar local character is not admissible, unless it is shown that the party who is to be bound by such evidence had knowlege thereof. It seems to be well settled that a local custom which relates to the mode of performance, or is sought to be made a part of a contract, if established and known to the parties, may be proved; but proof of such custom, without establishing notice, unless such usage or custom is so notorious, universal, and well established that the knowledge of such party will be conclusively presumed, is not sufficient. *Marlatt v. Clary et al,*. 20 Ark. 251; *Savage v. Salem Mills Co.,* 48 Or. 1, 85 Pac. 69, 10 Am. & Eng. Ann. Cas. 1076, and authorities cited in footnote; *Chateaugay Ore & Iron Co. v. Blake*, 144 U. S. 476, 12 Sup. Ct. 731, 36 L. Ed. 510; 12 Cyc. 1041.

Defendant in error seeks to avoid this alleged error on the ground that the evidence shows that they took the land for sale on an exclusive agency, and, though it be error to so prove the custom, they also introduced evidence tending to show that they were the procuring cause of the sale, and still would be entitled to recover, and such error was without injury. In this we do not concur. Both theories or issues were submitted to the jury. Its general verdict does not show upon what issue it found in plaintiffs' favor. The only evidence as to the express agreement as to the exclusive agency is by J. M. Posey, as follows:

"Some three or four weeks before the sale was made by Mr. Talbot to Mr. Chas. Bagley. I met Mr. Talbot on the street in Eldorado, at the corner of the old Corner Drug Store. He told me that he had the Backman place for sale now, and wanted my firm to find him a buyer for it. I asked if any other agent had the land for sale, or if he had listed with any other agents, and he said, 'No.' I asked him what he wanted for the place, and he said $2,000 net. I told him that we had a man in view for the place. Mr. Talbot then told me to go ahead and sell it."

This does not amount to an exclusive agency. The plaintiff in error, however, denied that he made any contract as to an exclusive agency.

It is not essential here to pass on the other questions raised, as they are not likely to recur upon another trial. Also, see *Roberts v. Markham et al., infra,* 109 Pac. 127.

The judgment of the lower court is reversed and remanded.

All the Justices concur.