## ANTHONY v. NOURSE.

No. 2169.    Opinion Filed October 15, 1912.

(127 Pac. 491.)

1.  EVIDENCE—Relevancy—Similar Facts—Value of Services.  In an action to recover the reasonable value of personal services, evidence of what others received for the same services in the same locality is competent as tending to show such reasonable value.

2.  APPEAL AND ERROR—Review—Harmless Error—Argument of Counsel.  A cause will not be reversed on account of improper and reprehensible argument of counsel to the jury, where it is apparent that the losing party has not been materially prejudiced thereby.

(Syllabus by Ames, C.)

*Error from Creek County Court;*
*Josiah G. Davis, Judge.*

Action by Ira Nourse against S. W. Anthony.    Judgment for plaintiff, and defendant brings error.    Affirmed.

*McDougal, Lattimore & Lytle,* for plaintiff in error.

*Thompson & Smith,* for defendant in error.

Opinion by AMES, C.    The plaintiff sued the defendant for wages amounting to $20.    The defendant admitted that he owed $13.50.    The plaintiff recovered $19.50.    The services were performed without any agreement as to compensation, and the suit was for their reasonable value.

The court admitted evidence showing the amount that was paid to others for the same kind of service at the same place, and also evidence tending to show what it was customary to pay for such services.    This is assigned as error, and it is argued that a custom is not binding upon a party, unless it is known to him, or so well established that notice will be conclusively presumed..    This legal proposition is correct.    *Talbot v. Mattox, Dawson & Posey Realty Co.,* 26 Okla. 298, 109 Pac. 128.    But the evidence here offered was designed to establish the reason-

able value of the services, rather than a custom which was binding upon the defendant, and such evidence is admissible for that purpose. *Murray v. Ware,* 1 Bibb (Ky.) 325, 4 Am. Dec. 637; *Shade v. Sisson Mill & Lumber Co.,* 115 Cal. 357, 47 Pac. 135; *Jenks v. Knott's Mexican Silver Mining Co.,* 58 Iowa, 549, 12 N. W. 588.

It is argued that the attorney for the plaintiff was guilty of misconduct in arguing to the jury that the defendant was a rich man, and the plaintiff a poor boy, and that, unless the jury gave a verdict for more than $13.50, the plaintiff would have to pay the costs. The latter part of this argument was stricken from the consideration of the jury; but, notwithstanding this, the argument was highly reprehensible, and should not be tolerated by the courts. As, however, in this particular case there was ample evidence to sustain the amount of the verdict, and as it can be seen from the record that no substantial injury resulted to the defendant, and as the amount here involved is insignificant, the case will not be reversed on that account.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.