### NEAL GIN CO. v. TRADESMEN'S NAT. BANK.

No. 15404—Opinion Filed June 30, 1925.

Rehearing Denied Sept. 22, 1925.

**1. Chattel Mortgages—Sufficiency of Description.**

A description in a chattel mortgage "which is sufficient to put a third person upon inquiry, which, when pursued, will enable him to ascertain the property intended to be included in said mortgage is good."

**2. Customs and Usages—Proof—Knowledge of Party to Be Bound.**

Proof of a local custom, without establishing knowledge of same in the party sought to be bound, unless such usage or custom is so notorious, universal, and well established that notice to such party will be conclusively presumed, is not sufficient.

**3. Same—Inadmissibility to Vary Contract.**

Evidence of custom or usage is not admissible to vary, add to or contradict the term of a plain, definite, and unambiguous written instrument, or to bind a party thereto.

or impose a duty or obligation upon a party to such contract not incorporated therein.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Love County; Asa E. Walden, Judge.

Action by the Tradesmens National Bank against the Neal Gin Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Wilkins & Wilkins, for plaintiff in error.

Abernathy & Howell, for defendant in error.

Opinion by RUTH, C. The parties hereto will be designated as they appeared in the trial court. Plaintiff commenced this action in the district court of Love county, by filing its petition, wherein it alleges that T. A. Overstreet on April 17, 1922, executed his promissory note for the principal sum of $1,086 and a chattel mortgage to secure payment of the same, and delivered the note and mortgage to plaintiff for a valuable consideration. The mortgage was duly recorded in Love county on the date of its execution. That on November 29, 1922, plaintiff secured judgment against T. A. Overstreet for the sum of $1,086, and foreclosure of mortgage. The property described in the mortgage was sold for the sum of $559.-83. Plaintiff further alleges the defendant in September, 1922, and before the note of plaintiff was due, secured possession of some of the cotton mortgaged to plaintiff, and disposed of the same and converted the proceeds of the sale to defendant's use, and the value of the cotton so converted was $409.58, and plaintiff prays judgment.

Defendant for answer states T. A. Overstreet owned but one-half of the cotton crop, and the other half was owned by Clifford Harris, and defendant only purchased Harris' half of the cotton. Defendant further states that plaintiff had Frank Shellenberger appointed receiver and the receiver received and recovered more than one-half of said crop and sold $178.62 worth of the cotton to defendant, and if defendant purchased any cotton belonging to Overstreet, upon which plaintiff had a mortgage, the plaintiff permitted Overstreet to sell the same, as it was the custom for mortgagees to permit the mortgagor to sell their cotton and rely on them to turn the money in on the mortgage indebtedness.

A jury was waived and the cause tried to the court. Judgment was rendered for plaintiff and defendant appeals. Defendant presents his appeal upon two propositions, viz.: "(1) Does the mortgage sued on herein sufficiently describe the crop to put the purchaser in good faith on notice of the lien claimed by the defendant in error?" The mortgage, after describing the live stock, recites: "One three inch wagon and all harness and tools, and my 1922 crop, * * * and that all of said property is now located in the county of Love, state of Oklahoma." Defendant cites no opinion of this court wherein it has been held that such a description is insufficient to charge a purchaser with notice.

In First National Bank of Bristow v. Rogers, 24 Okla. 357, 103 Pac. 582, this court said:

"A description in a chattel mortgage, which is sufficient to put a third person upon inquiry, which when pursued will enable him to ascertain the property intended to be included in said mortgage, is good." First National Bank v. Haines, 76 Okla. 301, 785 Pac. 441; Smith v. La Fayette & Bros., 29 Okla. 671, 119 Pac. 979; Kease v. Johnson (Ind. Ter.) 82 S. W. 680; Johnson v. Grissard 51 Ark. 410, 11 S. W. 585; Varnum v. State, 78 Ala. 28; Smith v. Fields, 79 Ala. 335; Henderson v. Gates, 52 Ark. 371, 12 S. W. 780; Cobbey on Chattel Mortgages, vol. 1, p. 204.

In the case under review it appears Clifford Harris, from whom defendant claims to have purchased one-half the cotton, was a brother-in-law of Overstreet. Harris lived on the farm rented by Overstreet and was "crop tenant." Overstreet's family and Harris lived in the same house on the farm, and Overstreet was "in and out" of the premises during the crop year. Defendant's answer sets up the fact that it bought a portion of this cotton crop from Shellenbarger, the receiver appointed in the case of Tradesmens National Bank v. Overstreet. The mortgage was duly recorded, and its contents furnished defendant information, which, aided by extrinsic evidence at its command, would have enabled it to ascertain that the cotton in controversy was the product of the crop described in the mortgage, and defendant is not an innocent purchaser in good faith.

Defendant's second proposition is: "That plaintiff, knowing it had a mortgage on the cotton, permitted the cotton to be sold, and it was error to exclude the testimony of-

fered by defendant to prove said custom." The allegation in defendant's answer that it purchased one-half of the cotton from Harris and portion of the cotton from Shellenbarger, the receiver, appointed by the court, completely refutes the contention that plaintiff permitted Overstreet to sell the crop. It is well settled in this state that usages cannot be held to subvert the settled rules of law.

In First National Bank of Byars v. Eldridge, 26 Okla. 538, 109 Pac. 62, it is said:

"Proof of a local custom, without establishing knowledge of same in the party sought to be bound, unless such usage or custom is so notorious, universal, and well established that notice to such party will be conclusively presumed, is not sufficient. Talbot v. Mattox, Dawson & Posey Realty Co., 26 Okla. 298, 109 Pac. 128."

"Evidence of a custom alone unsupported by other evidence is not admissible to vary an undisputed contract between the parties." Rankin v. Blaine County Bank, 20 Okla. 68, 93 Pac. 536.

It may have been possible that defendant could have proven by certain bankers that mortgagees have permitted mortgagors to sell the cotton mortgaged and turn over or pay to the bank the money received for the same, but there was no evidence offered that any such custom was known to this plaintiff, and the fact that this plaintiff had a receiver appointed for the cotton is evidence of the fact that plaintiff did not intend to give the mortgagee the privilege of hauling or selling the cotton. The mortgage given plaintiff was clear, certain, and unambiguous in its terms, and required no evidence to fix and explain the meaning of its terms.

"Evidence of custom and usage is not admissible to vary, add to, or contradict the terms of a plain and definite contract, or impose a duty, or obligation upon a party to a contract not incorporated therein." Bower Venus Grain Co. v. Norman Milling & Grain Co., 86 Okla. 152, 207 Pac. 297.

The evidence of a local custom or usage in Love county offered by defendant was properly excluded by the court, and finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 11 C. J. p. 458, § 78. (2) 17 C. J. pp. 458, 459, § 18. (3) 17 C. J. p. 508, § 77; anno. 3 L. R. A. (N. S.) p. 248.