## LONG v. RUDD.

No. 28684.   Sept. 26, 1939.

R. Place Montgomery, for plaintiff in error.

Clayton Carder, for defendant in error.

BAYLESS, C. J.   J. E. Rudd, a tenant, sued C. G. Long, his landlord, for one-third of the expense of threshing the grain raised by the tenant. Judgment was for the tenant on the verdict of the jury, and the landlord appeals.

The basis of the tenant's claim is the obligation of the landlord by virtue of the custom of the country. The landlord denied the obligation by denying such a custom and by asserting an oral agreement, to the contrary, extending a previous written agreement.

The landlord presents two propositions. No. 1 relates to the erroneous admission of incompetent evidence. He asserts that evidence of a custom is only admissible where notice thereof has come to the attention of the party to be sought, or it is of such notoriety as to imply notice thereof, and where there is no express contract on the matter. Talbot v. Mattox, etc., Co., 26 Okla. 298, 109 P. 128, and other cases.

Landlord advances the argument that, since he had pleaded, and it was admitted, there was a contract previously in effect contrary to the custom, and he offered evidence that such contract had been extended by oral agreement to cover the year in question, such evidence was inadmissible. This argument presupposes the correctness of his defense as a matter of fact. The tenant had denied the allegations of the answer as to the extension of the terms of the written agreement. If the court had refused to ad-

mit this evidence, when offered by the tenant, with the thought in mind that the landlord would surely prove the binding effect of the written contract, and if the landlord had failed later to prove the extension of the written contract, a serious prejudice would have resulted to the tenant. On the other hand, the court admitted such evidence knowing that if it later developed that it was inadmissible he could preserve the landlord's rights by withdrawing it from the consideration of the jury. This was a proper and discretionary act on the part of the trial judge. As the trial proceeded, it developed that the issue of fact as to whether the written contract was by oral agreement extended to the year in question was only a controverted issue of fact to be determined by the jury upon the conflicting evidence upon the point. The general verdict of the jury in favor of the tenant was a finding in favor of the tenant and against the landlord upon this point and vindicated the discretion of the trial court in admitting the evidence. No error was committed by admitting the evidence.

The second proposition relates to the sufficiency of the evidence and its lack of conformity to the instructions of the court to the jury. We will not go into this question. The landlord did not demur to the tenant's evidence, nor did he move for a directed verdict, nor did he object to any of the instructions given. We have said many times that we will not inquire into the sufficiency of the evidence, nor the weight thereof, unless the complaining party has thus challenged the evidence in the trial court. Since the sufficiency and weight of the evidence was not challenged in the lower court and may not be challenged here, there is no way for us to determine its relation to the instructions to the jury, and especially since no objection was offered in the lower court. It is the correctness of the trial court's rulings upon such matters that is presented to us for consideration—not the decision upon those matters for the first time. If those matters are not contested there, they cannot be called to attention for the first time on appeal.

The judgment is affirmed, and the motion of defendant in error for judgment against Chas. W. Lenau, surety upon the supersedeas bond, is granted.

Affirmed, motion for judgment on supersedeas bond granted.

CORN, HURST, DAVISON, and DANNER, JJ., concur.