SANDERS v. C. P. CARTER CONST. CO. et al.

No. 34819.    April 8, 1952.

Rehearing Denied May 27, 1952.

*244 P. 2d 822.*

Leo J. Williams, Roy F. Ford, Charles D. Crandall, and Dick Hansen, Oklahoma City, and Joe B. Thompson, Ardmore, for plaintiff in error.

Champion, Fischl & Champion, Ardmore, for defendants in error.

O'NEAL, J. This is an action brought by W. A. Sanders against C. P. Carter Construction Company and Robert P. Etier to recover personal injury damages alleged to have been sustained when he was struck by a pole trailer which was attached to a truck owned by the Construction Company and driven by defendant Etier who was an employee of the Construction Company.

Plaintiff in his first amended petition, in substance, alleges: defendant Construction Company is engaged in the pipe line and construction business and in connection with such business operates a truck and pole trailer over the highways of the state and defendant Etier was employed by it to drive the truck.

On the evening of February 4, 1949, the defendant Robert P. Etier was driving a truck with pole trailer attached on a highway near the town of County Line. He entered the town from the east, traveling on the street in a westerly direction when the pole trailer struck plaintiff knocking him to the pavement and caused him severe bodily injury; that plaintiff was at the time crossing the street from the south side to the north side when he observed the truck approaching. He did not, however, see or observe the pole trailer. He remained standing on the south side of the street and well to the left of the center of the street waiting for the truck to pass. The cab had passed and the driver of the truck then suddenly slacked his speed and turned the truck to the left or to the south side of the center line of the street and he was struck by the pole trailer. There were no lights on the pole trailer nor any other warning signals attached thereto to warn the public that the truck was drawing a trailer. Plaintiff further pleads defendants were negligent in that they were drawing an unloaded pole trailer by attaching the same to the truck; that the trailer while unloaded should have been detached from the truck and placed in the bed of the truck while being transported over the highway from place to place. Plaintiff further alleges:

" * * * it is usual and customary, and the common practice in the mid-continent oil fields that when a pole trailer is unloaded and not being used to haul a load but is merely being conveyed from place to place to load it entirely upon the bed of the truck or to place the wheels and bolster of the pole trailer immediately behind the bed of the truck and extend the pole forward resting on the bed of the truck and haul it and not attach it to the back end of the truck by merely a clevis attachment as was done in this instance and pull it over a public highway especially in the night time when it is dark and the trailer is unlighted."

The above paragraph was stricken by the court on motion of defendants on the ground that it was irrelevant and immaterial.

Defendants' answer consists of a general denial and an affirmative plea of contributory negligence.

The trial was to a jury resulting in a verdict in favor of defendants. Plaintiff appeals and for reversal relies on the following assignments: (1) the court erred in striking a portion of plaintiff's amended petition; (2) the court erred in failing to instruct on certain vital issues in the case as presented by the pleadings and the evidence; (3) the court erred in giving certain instructions to the jury.

The evidence is in conflict as to all the material allegations of negligence contained in the amended petition. Plaintiff does not, however, contend that the evidence is insufficient to support the verdict of the jury and judgment entered thereon. We shall, therefore, only discuss the evidence to such an extent as is necessary to pass upon the assignments raised.

The evidence is undisputed that plaintiff sustained an injury at the time and place and in the manner as stated in his petition, except the evidence is in dispute as to which side of the street plaintiff was standing on at the time he received his injury. The evidence is also undisputed that the pole trailer was not lighted. Defendants, however, offered evidence tending to show that there was a red flag attached to the pole at the end of the trailer. Plaintiff offered evidence tending to prove the contrary. Defendants offered evidence tending to prove that lights from the business houses on each side of the street furnished sufficient light so that the trailer was plainly visible. Plaintiff also offered evidence tending to contradict this evidence.

It is first contended by plaintiff that the court erred in striking, the above mentioned paragraph of his amended petition. It is asserted that he had a right to prove the custom prevailing in Mid-Continent oil fields as to the manner in which unloaded pole trailers should be transported.

The authorities are in conflict on this question. The weight of authority, however, appears to be in favor of the admission of such evidence in a proper case. In 65 C. J. S. Negligence, §16, subds. b. and c. it is said:

"The omission of usual and customary precautions may be a matter proper for consideration in determining whether or not conduct was negligent, for, while ordinary prudence may require more precaution than is customary under similar circumstances or in a similar business or occupation, it can hardly require less, and hence a lack of such precaution may fairly be regarded as negligence. * * *"

"The mere fact that a particular thing is done in a manner different from that in which it is customarily done does not show negligence in the absence of any fact showing that the manner in which the act is done is dangerous, although it may be a matter proper for consideration in determining whether due care has been exercised."

Numerous authorities are cited in the notes which support the text. They generally hold as stated by the Court of Appeals of California in Owen v. Rheem Mfg. Co., 83 Cal. App. 2d 42, 187 P. 2d 785:

"In determining negligence, the standard is due care, and such standard is not fixed by custom, although failure to observe custom may be evidence of negligence, and custom, while it may assist in determination of what constitutes due care, is never a substitute for due care."

In Powell v. Durant Milling Co., 192 Okla. 402, 136 P. 2d 904, this court, in effect, held that evidence as to custom and usage may be admitted in certain cases as evidence tending to prove due care.

However, in order that custom prevailing in certain businesses, trades or occupations may be effective, it must be pleaded and proved that the custom relied on related to the particular trade and business or occupation in which the party to be charged is engaged unless he had knowledge of such custom. Bosjnak v. Superior Sheet Steel Co., 145 Ohio St. 538, 62 N. E. 2d 305. In Illinois Central R. Co. v. Maxwell, 292 Ky. 660, 167 S. W. 2d 841, speaking on this question, the Supreme Court of Kentucky said:

"As stated in Aulich v. Craigmyle, 248 Ky. 676, 59 S. W. 2d 560, 562; 'To establish a custom it is not enough to prove the act is frequently done; it must be both alleged and proven to be certain, general, uniform, and recognized.' And, as stated in note, 45 C. J. 710: 'A custom, the failure to observe which will constitute negligence, must be certain, uniform, and invariable, and must also be notorious and known to all persons of intelligence having to do with the subject to which it relates. Fogarty v. Michigan Cent. R. Co., 180 Mich. 422, 147 N. W. 507.'"

It is generally held in contract cases where the construction of a contract is involved, evidence as to custom prevailing in the trade or business relative to which the parties had contracted is admissible as an aid in the construction thereof. However, where local custom is relied upon in order that evidence of such custom may be effective it must be pleaded and proved that the party to be charged had knowledge of such custom or that such custom is notorious, universal and well established. Long v. Rudd, 185 Okla. 455, 94 P. 2d 249; Neal Gin Co. v. Tradesmen's Nat. Bank, 111 Okla. 154, 239 P. 615; Talbot v. Mattox, Dawson & Posey Realty Co., 26 Okla. 298, 109 P. 128.

The paragraph of the amended petition which was stricken contains neither of these essential allegations. In the absence of such allegation evidence as to the local custom pleaded could not properly have been admitted in evidence. There was therefore no error in striking this paragraph of the amended petition.

It is next contended by plaintiff that the trial court erred in failing to instruct on its own motion upon material and vital issues raised by the pleadings and evidence in the case. In this respect counsel in the brief say:

"Nowhere did the court tell the jury what the truck driver's duty was with reference to crossing from the right hand side of the highway to the left hand side, if the jury found that he did in fact turn from one side of the highway to the other between intersections."

There was no substantial evidence in the record to the effect that the driver of the truck prior to the time the accident occurred did cross from the right hand side of the street to left side. There is evidence to the effect that while plaintiff was crossing the street he observed the truck approaching, he remained standing on the south side of the street and well to the left of the center thereof; that the trailer was being drawn several feet to the left of the center thereof when it struck him and thereafter the driver of the truck did turn to the left, crossed the street and parked on the left side thereof. The evidence is in conflict as to which side of the street plaintiff was standing and as to whether defendant Etier, driver of the truck, was driving to the right or left of the center of the street at the time the accident occurred.

The trial court in its general instructions in a general way submitted these issues to the jury as well as all other material issues raised by the pleadings and evidence in the case. If plaintiff desired more specific instructions as to any issue involved it was his duty to request such instructions. This court was not required to do so on its own motion. Mid-Continent Petroleum Corp. v. Jamison, Adm'r, 197 Okla. 387, 171 P. 2d 976; G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599.

Plaintiff further contends that the court erred in giving its instruction No. 11. In this instruction the jury was instructed as to the care required by plaintiff in crossing the street and among other things contained in the instruction the jury was told that plaintiff in doing so had no right to assume that defendants' truck was being operated in a proper manner. We do not think this portion of the instruction should have been given. We think plaintiff had the right to assume that defendant driver of the truck would drive with due and proper care and would properly operate his truck and would drive in accordance with the rules of the road. 60 C. J. S. Motor Vehicles, §317. However, under defendants' theory of the case which was accepted by the jury defendant Etier was operating the truck properly and driving on the proper side of the street as provided by the rules of the road at the time the accident occurred. It is therefore clear that plaintiff was not prejudiced by the inclusion of this sentence in the instruction. The error in so doing is therefore harmless. Bowring v. Denco Bus Lines, Inc., 196 Okla. 1, 162 P. 2d 525.

It is finally contended that the court erred in giving its instruction No. 16. It is plaintiff's contention that this instruction violates §6, art. 23 of the Constitution of the state which provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

We have examined this instruction. We do not think it has the effect claimed. There was no error in giving this instruction.

Judgment affirmed.

WELCH, CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur. HALLEY, V. C. J., dissents.