BANKERS SECURITY LIFE INSURANCE COMPANY, a corporation, Plaintiff in Error,

v.

Delcie SAULS, Administratrix of the Estate of Luella Hunter, Deceased, Defendant in Error.

No. 40131.

Supreme Court of Oklahoma.

Oct. 15, 1963.

Abernathy & Baker, Charles C. Baker, Shawnee, for plaintiff in error.

Fred W. Whetsel, McAlester, for defendant in error.

HALLEY, Vice Chief Justice.

Luella Hunter, a resident of Canadian, Oklahoma, purchased a policy of insurance from the defendant which was known as a "Special Disease Indemnity Policy." It was limited to twelve specifically named diseases, including cancer. The annual premium was $7.50 and the maximum indemnity was for $2,000.00 and was only $1,000.00 for persons over sixty years of age. Luella Hunter was over sixty when she took out the policy so the maximum indemnity was $1,000.00. This policy was issued with the effective date of February 15, 1955. The premiums due on the policy were paid up at all times. Delcie Sauls, the daughter of Mrs. Hunter, as the Administratrix of the Estate of Luella Hunter, deceased, brings this suit to recover on the policy her mother carried with the defendant. Mrs. Hunter was confined to a hospital for three periods of time which are: December 23, 1957, to January 12, 1958; January 26, 1958, to February 22, 1958; and March 19, 1958, to date of her death, March 31, 1958. Mrs. Hunter also received medical care from a McAlester physician. The hospital bill and the doctor bill for Mrs. Hunter exceeded $1,000.00, the amount of the policy.

Parties will be referred to as in the trial court.

The plaintiff contends that the three illnesses and the death of Mrs. Hunter were due to cancer and sought to recover the $1,000.00.

.. The defendant in its answer takes the position that Mrs. Hunter did not have the disease of cancer and that it questioned the diagnosis of Mrs. Hunter's trouble and when that was done it was necessary that a recognized pathologist in the field of the alleged disease determine the diagnosis. It relied upon a paragraph in the policy which is as follows:

 · "4. In case the diagnosis of any of the diseases listed hereon shall be questioned, the findings of a recognized pathologist in that field shall determine the diagnosis."

Certainly the testimony of Dr. D that Mrs. Hunter had a cancer made a prima facie case. Every inference must be indulged in favor of the plaintiff on a demurrer to the evidence or on motion for directed verdict. Cooke v. Townley, Okl., 265 P.2d 1108.

The first claim for hospitalization for Mrs. Hunter's illness for the period of December 23, 1957, through January 12, 1958, was presented January 12, 1958. Two claims were presented on April 22, 1958, for her hospitalization from January 26, 1958, to February 22, 1958, and from March 19, 1958, to March 31, 1958, the date of death.

At no time that we are able to determine did the defendant ever make a demand upon Mrs. Hunter for the findings of a pathologist as to the ailment requiring her hospitalization. It did ask the hospital for such a report. It did not ask the attending physician for such a report until April 18, 1958, which was after the death of Mrs. Hunter.

In our opinion it was incumbent upon the defendant to demand of Mrs. Hunter the pathologist's report before her death.

We think that in the absence of a proper demand for the pathological report or biopsy by the defendant the evidence of the presence of cancer in the deceased was fully supported by the evidence.

The defendant knew prior to the death of Mrs. Hunter that the diagnosis of her ailment was cancer although the original claim only set out symptoms of cancer. It did not question this diagnosis until after her death.

We are further of the opinion that the trial court committed no error when it instructed the jury that the defendant had the duty to demand a pathological report from decedent or her duly authorized agent under the facts in this case. The plaintiff or her representatives had the right to know whether the diagnosis was being questioned.

We do not think that a real demand was made for a pathological report until after the death of Mrs. Hunter and that was too late. The request on the hospital was not sufficient to satisfy although there was on file at the hospital a report by Dr. D as of January 12, 1958, that Mrs. Hunter had carcinoma of the uterus and cervix with hemorrhage. When the request was made upon Dr. D for a report of a pathologist Mrs. Hunter was dead.

This lawsuit resolved itself down to the question as to whether Mrs. Hunter died of cancer or some other ailment not covered by the policy. The plaintiff made a case. Evidence was produced by the defendant to show that it is impossible to tell whether a questioned disease was cancer without a biopsy. The jury evidently thought there was enough evidence of cancer and that the disease could be determined in this case without a biopsy.

Counsel for the plaintiff made improper arguments and asked improper questions in the trial of this case but the trial judge did tell the jury that it was to be governed by the evidence and instructions of the court. After a study of the entire record we cannot see how any other verdict could have been rendered in this case than was rendered. Hazelrigg Trucking Co. v. Duvall, Okl., 261 P.2d 204. We think that the conduct of plaintiff's counsel was error but harmless in this case.

The judgment of the trial court is affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

WELCH and JACKSON, JJ., concur in result.