Patricia HARPER, Plaintiff in Error,

v.

LEVINE'S, INC., a Texas Corporation, and Vernon McDonald, Defendants in Error.

No. 41305.

Supreme Court of Oklahoma.

Sept. 26, 1967.

As Corrected Nov. 28, 1967.

Rehearing Denied Nov. 28, 1967.

Jack B. Sellers, Sapulpa, Joe A. Moore, Memphis, Tenn., of counsel on the brief, for plaintiff in error.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Donald J. Harr, Tulsa, for defendants in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the lower court sustaining a demurrer to plaintiff's evidence in an action brought by plaintiff to recover damages for personal injuries which allegedly occurred as a result of defendants' negligence. On appeal, the parties appear in the same relative position as in the trial court and hereinafter will be referred to as there designated.

The principal question is as to whether plaintiff's evidence sufficiently established her right to have the jury consider her alleged cause of action.

In her petition initiating this action, plaintiff alleged, in brief summary, that, at some time prior to July 17, 1963, the defendant McDonald, an employee of the corporate defendant, had placed some rugs, which rugs were folded and rolled but not tied, in a loose stack adjacent to an aisle in the corporate defendant's department store in Sand Springs, Oklahoma; that such stack was not braced or otherwise restrained, and that defendant McDonald knew or should have known from the manner in which the rugs were stacked that it was likely the rugs would fall and roll into the aisle, either striking or tripping someone. Plaintiff further alleged that on July 17, 1963, while a customer at corporate defendant's department store, she walked by the stack of rugs which "suddenly and without warning * * * fell and rolled down into the aisle and into the path of plaintiff, and struck plaintiff or otherwise caused her to trip and to fall with great force", causing plaintiff to be permanently injured and disabled.

In their answer, defendants admitted that an accident had occurred, but denied that they were negligent. They further alleged that even if they were negligent, plaintiff was contributorily negligent.

At the trial, a Mrs. Sherman testified that she had accompanied plaintiff to corporate defendant's department store on the day of the accident involved herein; that just previously to such accident she and plaintiff had examined rugs stacked near an aisle in such store; that the rugs were folded and rolled, and were stacked one upon another; that she (witness) was not near the rugs at the time of the accident and did not actually see the accident or plaintiff fall, but did see that plaintiff had fallen; and that she went to plaintiff and found her lying in the aisle adjacent to the stack of rugs, with a rug "under her knees and over on her legs."

Plaintiff testified that just prior to the accident in corporate defendant's department store, she had examined some rugs stacked adjacent to an aisle or walkway; that such rugs measured nine by twelve feet and were folded and then rolled; that the rugs were not in containers, were not tied, and the stack some four or five rugs high, was not braced or restrained; and, that after examining the stack of rugs, she turned to look at other merchandise which was apparently on the same aisle but across from the rugs. Plaintiff then testified that as she turned to proceed to another area of

the store, the accident occurred. In describing this accident, plaintiff testified:

"Q: Was there anything in the aisle there as you started across there?

"A: Not that I could see. Whenever I turned to start back is whenever I fell on the rug.

"Q: Where did the rug come from? if you know.

"A: The stack that was there beside me that I looked at before.

"Q: Had you turned and started walking toward Mrs. Sherman when the accident happened?

"A: I didn't get the first step quite over with, I just turned and I don't know whether—I don't know just exactly what happened, the next thing I knew I was down over it, my foot was tangled up in it, I was over it with my hands and knees kind of."

Another of plaintiff's witnesses, a person who had been in the furniture business some sixteen years, testified that a rug folded and rolled as described in the previous testimony had "a tendency to stay rolled"; that the rug would be comparatively tightly rolled; that such rug would not have a tendency to come unrolled by itself; and, that rugs folded and rolled and placed in a stack would not fall from the stack unless "settling" occurred. The witness was then asked a question apparently designed to elicit testimony concerning the custom and usage in his store and in other similar stores with reference to the method of stacking and displaying rugs. When an objection was sustained by the trial court, an offer of proof concerning custom and usage was made.

At the close of plaintiff's evidence, the trial court sustained defendants' demurrer to such evidence and entered judgment accordingly. From this judgment and the overruling of her motion for a new trial, plaintiff appeals.

For reversal, plaintiff presents two propositions, the first of which is that the trial court erred in overruling the offer of proof as to custom and practice in the stacking of rugs. Although the briefs of the parties herein cite and refer to numerous authorities concerning the admissibility of evidence of ordinary business or trade practice and custom, it is our opinion that this proposition is controlled by the general rule that the custom prevailing in certain businesses must be plead in order to be the subject of proof. In the case at bar, no allegation of custom or usage in the industry was contained in the petition or in any of plaintiff's subsequent pleadings. In Sanders v. C. P. Carter Const. Co., 206 Okl. 484, 244 P.2d 822, 825, we stated:

"However, in order that custom prevailing in certain businesses, trades or occupations may be effective, it must be plead and proved that the custom relied on related to the particular trade and business or occupation in which the party to be charged is engaged unless he had knowledge of such custom."

" * * * However, where local custom is relied upon in order that evidence of such custom may be effective it must be plead and proved that the party to be charged had knowledge of such custom or that such custom is notorious, universal and well established."

" * * * In the absence of such allegation evidence as to the local custom pleaded could not properly have been admitted in evidence."

In our view, plaintiff's first proposition is not well taken.

In her second proposition, plaintiff contends that the trial court erred in sustaining the demurrer to plaintiff's evidence. This proposition requires our consideration of the evidence presented by plaintiff and, in the consideration of this evidence,

we must follow the doctrine set forth in Bankers Security Life Insurance Company v. Sauls, Okl., 385 P.2d 906, where, in the first paragraph of the syllabus, we held:

"In law actions a demurrer to a plaintiff's evidence or motion for directed verdict should not be sustained unless there is an entire absence of proof tending to show a right to recover; and, in passing upon a demurrer to the evidence or a motion for a directed verdict the trial court must consider true all of the evidence favorable to the party against whom the demurrer or motion is directed together with all inferences that may be reasonably drawn therefrom and disregard all conflicting evidence favorable to the demurrant or movant."

■ Where a customer has been injured in a fall caused by an allegedly dangerous condition existing in a retail store, we have held that before liability may be imposed upon the owner-operator of such store, it must be shown that the condition causing the fall had been negligently created by the owner-operator or that the condition had existed for a sufficient time for the owner-operator to have had actual or constructive knowledge thereof and to have had it removed in the exercise of ordinary care. Safeway Stores, Inc., v. Feeback, Okl., 390 P.2d 519; J. C. Penney Co. v. Johnson, Okl., 364 P.2d 1111. In the instant case, plaintiff apparently is not contending that the allegedly dangerous condition had existed for such a period of time as to give constructive notice that it did exist and to require its correction by the defendants. Rather, she contends that her "pleadings, taken with the evidence presented, considered in its most favorable light, tends to establish the fact the defendants had stacked large rugs in such a manner the same were likely to fall from their stacked position into the customer aisles of the retail store." We can not agree with this contention.

Plaintiff's evidence, taken alone, tends to establish that the rugs were folded and then rolled, and were stacked some four or five rugs high; that they were not in containers and were not tied; and, that the stack was not braced or restrained. One of plaintiff's witnesses, to whose testimony we have previously referred, a person with many years of experience in displaying rugs including those of this type, testified that rugs folded and rolled in the manner those herein involved were, tended to stay rolled. He further testified that generally, such rugs, while so stacked, would not move in any way unless the stack "settled". The tendency to settle, he testified, depended upon the height and weight of the stack. There is no evidence in this record concerning the weight of this particular stack.

Plaintiff, in her brief, contends that one of the rugs "fell into and against her", and she then cites a number of authorities in which similar accidents were involved and in which the doctrine of res ipsa loquitur was applied. However, we can find no evidence in the record that plaintiff herein was struck by a falling rug. As she testified herself, " * * * I just turned and I don't know whether—I don't know just exactly what happened, the next thing I knew I was down over it."

In effect, counsel appears to be urging that plaintiff, by the use of circumstantial evidence, has proven that her fall and injuries more probably occurred as the proximate result of some character of negligence on defendants' part than from any other cause.

■ From the described evidence, together with all inferences that reasonably may be drawn therefrom, it is our opinion that there is an entire absence of proof tending to establish a right of plaintiff to recover. Plaintiff's evidence, if anything, establishes that the rugs were safely stacked and would not fall therefrom unless "settling" occurred. There is no evidence concerning this settling. In effect, plaintiff is asking that an inference to be drawn that the rugs were stacked in such a manner that they were "likely to fall", that the stack did settle and as a result a rug did

fall, and further that plaintiff stumbled over it. We conclude we may not so infer.

The judgment of the trial court is affirmed.

JACKSON, C. J., and DAVISON, HODGES and LAVENDER, JJ., concur.

IRWIN, V. C. J., and BLACKBIRD, BERRY and McINERNEY, JJ., concur in result.

