Claude BATES, Jr., Administrator of the Estate of Phillip J. Yahner, Deceased, Plaintiff in Error,

v.

Roger A. UTECH, Defendant in Error.

No. 40973.

Supreme Court of Oklahoma.

Dec. 26, 1967.

Rehearing Denied Feb. 27, 1968.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Joseph F. Glass, Tulsa, for plaintiff in error.

Arthurs, Blackstock & McMillan, Bristow, for defendant in error.

WILLIAMS, Justice.

This is an appeal from a judgment of the court below, sitting with a jury, in an action wherein plaintiff, defendant in error herein, sought to recover from Claude Bates, Jr., administrator of the Estate of Phillip J. Yahner, deceased, plaintiff in error herein, damages for personal injuries which allegedly occurred as a result of Yahner's and one Jones' negligence. The parties herein will be referred to as they appeared below, i. e., defendant in error will be referred to as plaintiff and plaintiff in error will be referred to as defendant.

In his petition below, plaintiff alleged that on June 2, 1962, he was a passenger on a motorcycle, owned and operated by Yahner, which was proceeding north on State Highway No. 75A located on Denison Dam, Bryan County, Oklahoma; that accompanying said motorcycle was a second motorcycle operated by one Jerry W. Jones and upon which its owner, one Hoyle C. Massey, was a passenger; that the two motorcycles, while traveling together at the time and place so alleged, "came together and entangled in such a manner that they were both upset and turned over", throwing their operators and passengers to the pavement; and, that as a result of such accident, plaintiff was permanently injured and disabled. Plaintiff further alleged that the two motorcycle operators were guilty of the following acts of negligence which proximately caused the accident and plaintiff's injuries: (1) the operators failed to use ordinary care under the conditions and circumstances; (2) the operators violated 47 O.S.1961, § 11–801(a), which provides that no person shall operate a vehicle at a speed that is greater than or less than is reasonable and proper under the existing conditions; (3) the operators failed to keep a proper lookout; (4) the operators failed to maintain a safe distance between the two motorcycles; (5) the operators violated 47 O.S.1961, § 11–805, which places speed limits on certain specified types of motorcycles; and, (6) the operators were exceeding the posted speed limit at the place of the accident.

To this petition, defendant filed an answer consisting of a general denial. Thereafter and some five days prior to trial of this case, plaintiff filed an amendment to his petition. In this amendment, plaintiff alleged that the motorcycle upon which he and Yahner were riding on June 2, 1962, was proceeding south on State Highway 75A located on Denison Dam, Bryan County, Oklahoma; that the motorcycle operated by Jones and upon which Massey was a passenger was proceeding

north on the above designated highway; that both motorcycles were traveling at a speed of at least fifty miles per hour, and, that at such time and place the two motorcycles collided, throwing the operators and passengers to the pavement and resulting in plaintiff being permanently injured and disabled.

Defendant's amended answer generally denied plaintiff's allegations and, further, alleged contributory negligence on the part of plaintiff in failing to warn and remonstrate with Yahner concerning the latter's alleged acts of negligence. Plaintiff filed a general denial to the amended answer.

Upon the issues thus formed by the pleadings, the case proceeded to trial.

We here should note that although the administrator of the Estate of Jerry W. Jones, Deceased, (Jones being the operator of the other motorcycle involved in the accident herein) was a party defendant to the action below, he filed no pleadings nor did he appear at trial, and a default judgment was entered against him. There was no appeal to this Court from such default judgment.

At trial, plaintiff's testimony, where pertinent to the issue herein, was that he and Yahner had been to a beach and swimming area on the Oklahoma side of Lake Texoma; that at approximately 8:00 p.m. the two left the area on a motorcycle owned and at that time being driven by Yahner; that they entered State Highway 75A at a point just north of Denison Dam and turned south to travel across the dam and to proceed on to Denison, Texas; that while on such highway and crossing the dam, they overtook an automobile which was pulling a boat and trailer at a very slow speed; that Yahner "whipped" or "swung" the motorcycle out to pass such automobile; and, that Yahner "passed it on the left and while he was going by and passing it, I looked back to see—to make sure that we could clear it, when we cleared the car pulling the boat, we were turning back in and we had seemed to go far enough ahead of it and then I looked

back for an instance and I felt the sudden fear or danger and then I was knocked unconscious." Plaintiff also testified that although it was dusk, Yahner's motorcycle's lights were not on as they began crossing the dam, but that he did not remember whether they were turned on at the time of the accident. Further, plaintiff testified that although he did not see the speedometer, he would estimate Yahner's motorcycle to be traveling at approximately fifty to sixty miles per hour just prior to the accident and that the posted speed limit on Dennison Dam was forty miles per hour.

On cross-examination, a series of questions asked plaintiff at the taking of his deposition, and his answers to such questions, were read into evidence. In summary, plaintiff testified in such deposition that he did not know where in relationship to the center line of the roadway the accident occurred; that at the time the motorcycle on which he was riding had turned out to pass the car and trailer on Denison Dam, that it was still in its proper lane of traffic although " * * * we may have been on the center line as far as that is concerned, but I know we weren't into the other lane"; and, that although he was not sure as he was looking at the car and trailer Yahner's motorcycle was passing, he was relatively certain, judging from the distance such motorcycle was from such car and trailer, that they were in the lane to their right of the center line.

Plaintiff also introduced the testimony of a Mr. John Clift who had taken photographs of the motorcycles immediately after the accident involved herein. One of the photographs he identified as having been taken at that time shows the motorcycle which was being driven north by Jones to be lying just to the west of the center line of the roadway, while the motorcycle which was being driven south by Yahner is pictured lying just to the east of such center line.

At the close of plaintiff's evidence, defendant demurred to such evidence. The trial court overruled this demurrer. Defendant offered no evidence, but did move

for a directed verdict, which was also overruled. The case was then submitted to the jury, resulting in a verdict for plaintiff. From the judgment entered on such verdict and the lower court's order overruling his motion for new trial, defendant appeals.

■ In his first proposition for reversal, defendant contends that the trial court erred in submitting the cause to the jury as plaintiff failed to prove any negligence on the part of defendant. This proposition requires a consideration of the evidence presented by plaintiff and, in the consideration of this evidence, the doctrine set forth in Bankers Security Life Insurance Company v. Sauls, Okl., 385 P.2d 906, must be followed. In the first paragraph of the syllabus, we there said:

"In law actions a demurrer to a plaintiff's evidence or motion for directed verdict should not be sustained unless there is an entire absence of proof tending to show a right to recover; and, in passing upon a demurrer to the evidence or a motion for a directed verdict the trial court must consider true all of the evidence favorable to the party against whom the demurrer or motion is directed together with all inferences that may be reasonably drawn therefrom and disregard all conflicting evidence favorable to the demurrant or movant."

From the above summary of the evidence submitted below, it is clear that although plaintiff believed the motorcycle on which he was riding was never in the left, or improper, lane of traffic while passing the automobile and trailer, he did testify that it was possible such motorcycle was on or near the center line of the highway at the time of passing. Further, the above described photograph taken immediately after the accident clearly establishes the position of the two motorcycles to have been, at that time, on or near the center line. From this evidence it is our opinion that the trier of fact would be warranted in deducing that both motorcycles involved herein were being driven on or near the

center line of the road at the time of the accident and that such action on the part of both drivers, acting in combination, proximately resulted in such accident and the injuries sustained by plaintiff.

In the same vein, 47 O.S.1961, § 11–305 provides:

"No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. * * * "

■ From the evidence herein, it is also our opinion that the trier of the fact would have been warranted in deducing that if defendant's decedent was on or near the center line of the highway while passing the overtaken automobile, his motorcycle was protruding into the left lane of traffic and, further, that such decedent had not kept a proper lookout to enable him to determine whether the left lane of traffic was free of oncoming traffic for a sufficient distance ahead to permit such passing.

For these reasons, we do not believe the trial court erred in overruling defendant's demurrer to plaintiff's evidence and submitting this cause to the jury.

■ In his second proposition, defendant contends the trial court erred in refusing to permit him to refer to the allegations relating to the manner in which the accident occurred as set forth in the original petition in either his opening statement or on cross-examination of plaintiff. As earlier noted herein, plaintiff originally alleged that the two motorcycles were traveling together and in the same direction when the accident occurred.

■ We cannot agree with defendant's second proposition. At trial, plaintiff, on cross-examination, admitted that some time

**956**

after the accident he had given a statement wherein he said that the two motorcycles, at the time of the accident, were traveling together and in the same direction. (Plaintiff stated at trial that he was unconscious for some days after the accident and under the influence of sedatives for a time and that the only knowledge he had of the accident other than as above shown was what his friends told him as to how it had occurred.) The jury heard this admission and consequently were aware that the plaintiff had at one time believed the accident to have occurred in a different manner than that alleged and testified to at trial. The use of the allegations made in plaintiff's original petition would have been merely cumulative and would have added nothing to the evidence. As we stated in McCarty v. Occidental Life Ins. Co. of Cal., Okl., 268 P.2d 221, 227, "(I)t is only where alleged error in ruling on evidence causes a miscarriage of justice, or constitute substantial violation of a constitutional right that a jury verdict will be reversed upon such grounds."

 Defendant, in his third proposition, contends that the trial judge committed error by indicating his opinion as to the credibility of plaintiff. In this proposition, defendant contends that various remarks indicating such opinion were made by the trial judge on cross-examination of plaintiff when questions asked plaintiff at the taking of his deposition, and his answers to such questions, were read into evidence. The complained of remarks were made mostly at the time the trial judge required defendant's counsel to read all rather than only a part of an answer given to any one question.

We have carefully reviewed these statements and rulings of the trial judge and it is our opinion such do not indicate, nor would they convey to the jury, any expression of opinion as to the credibility of plaintiff. In addition, the jury was instructed that any rulings made by the trial court in the admission of evidence did not express or intimate "in any way the weight or credit to be given any evidence or testimony admitted during the trial." For these reasons, defendant's third proposition is not well taken.

The judgment of the trial court is affirmed.

IRWIN, V. C. J., and BLACKBIRD, BERRY, LAVENDER and McINERNEY, JJ., concur.

JACKSON, C. J., and DAVISON and HODGES, JJ., dissent.