**Emily BINNING, Appellant,**

v.

**SAFEWAY STORES, INC., a Maryland Corporation, and Robert Cleburn, Appellees.**

**No. 46787.**

Supreme Court of Oklahoma.

Feb. 11, 1975.

Rehearing Denied March 25, 1975.

Lampkin, Wolfe, Burger, Abel, McCaffrey & Norman by Joe G. Wolfe and Wayne Wells, Oklahoma City, for appellant.

Monnet, Hayes, Bullis, Thompson & Edwards by John T. Edwards, Oklahoma City, for appellees.

DAVISON, Justice:

This is an appeal by Emily Binning, Plaintiff below, from a judgment rendered on a unanimous jury verdict denying her any recovery in her action for damages for

personal injuries against Safeway Stores, Inc., and Robert Cleburn (Manager of a Safeway Store), defendants.

Plaintiff's sole proposition of error for reversal and a new trial is that the trial court failed, on its own motion, to properly instruct the jury on a decisive issue formed by the pleadings and evidence. Specifically, plaintiff complains the trial court failed on its own motion to instruct that defendants, Safeway Stores and Robert Cleburn, would be liable in the event the jury found that one, Phillip Johnson (an employee of Safeway Stores), was negligent.

Plaintiff's petition alleged, in part, as follows: that defendant, Robert Cleburn, was employed as Manager of Safeway's subject store; that plaintiff was a customer and invitee walking therein when she came in contact with a wet and slippery place on the floor in one of the aisles and fell and was injured "as a direct result of the negligence and carelessness of defendants, their agents and employees" in certain respects; and then follows five separate specifications, describing alleged acts of negligence of defendants, "their agents and employees," including, failure to inspect and properly clean the floor, failure of an employee working in the aisle near the slippery place to warn plaintiff, and failure to restrain plaintiff from walking thereon or to erect a barricade. Defendants' answer raised no issue of employment or agency of defendant Cleburn, or of any other "agents and employees."

Plaintiff testified, insofar as pertinent, that she went to the store to shop for marshmallows, and that she slipped because, "I felt there was something wet there because my feet just went out from under me * * *.", that she did not see any spilled coke on the floor at the time she fell, that afterward her dress and shoes were wet and sticky, and that Cleburn (defendant) stated: " * * * this mess should have already been cleaned up." Plaintiff called Cleburn and he testified in her be-

half, insofar as pertinent, that as manager of the store, his duties included " * * whatever duties and things that are necessary to do to make a store safe for the patrons * *.", and responsibility " * * for seeing to it that the floors are kept clean and when something is spilled or broken on the floor to clean it up.", and that he was " * * specifically in charge with inspecting the store throughout the day * *." He (Cleburn) further testified that some pop bottles had fallen and broken 30 minutes to an hour before plaintiff fell, and he had Phillip Johnson clean it up, but did not inspect the area after Johnson cleaned it up.

Phillip Johnson, second assistant to the manager and the person named in plaintiff's proposition of error, testified for defendants, that Safeway Stores had rules and regulations for their employees governing how to keep stores clean, with a standard operation procedure (which he described) on how to clean up messes, that he had cleaned up a broken pop bottle mess in the area where plaintiff fell about ten or fifteen minutes before plaintiff's accident, and that the cleaned area dries quickly, within three minutes.

■ Throughout the instructions, the trial court informs the jury that any liability of defendants for plaintiff's fall must be based or predicated upon " * * fault of the defendants * *." Both plaintiff and defendants made no objection to the instructions.

Plaintiff contends that the evidence raised an inference of negligence on the part of Phillip Johnson, but at no place in the instructions is the jury ever told that if, indeed, Phillip Johnson was negligent, the defendants would be liable for his acts.

Plaintiff cites 12 O.S.1971, § 577, subd. 5, which provides, in part, that the court shall give general instructions to the jury.

Plaintiff also cites Acker v. Hopfeld, Okl., 416 P.2d 953, for the proposition that in jury trials of actions of legal cogni-

zance, it is the duty of the trial court, on its own motion, to instruct the jury as to all of the fundamental issues of the case, and a failure to discharge this duty is ground for a new trial.

From our examination of the record, in the particulars above set out, we conclude the trial court did not violate the requirements of the above statute and decision.

The record, supra, reflects that Safeway Stores had a standard procedure, whereby it sought to keep its stores clean and devoid of pop spills and messes, that employees were duty bound to follow. This was particularly the duty of Cleburn, the store manager, who was required to keep the store safe, the floors clean, and spills and messes cleaned up, and inspect the store throughout the day for violations. Thus, any negligence on the part of Phillip Johnson in these particulars was an obvious violation of the duties imposed on Cleburn and of the obligations of Safeway Stores. The jury could not have been misled by the instructions taken as a whole.

In Bradley Chevrolet, Inc. v. Goodson, Okl., 450 P.2d 500, we held that it is the duty of the trial court, in instructing the jury on its own motion, to instruct on the decisive issues raised by pleadings and evidence, but where the court in a general way instructs as to all of such issues and either party desires a more specific instruction, it is the duty of such party to request such instruction.

Also, see Sanders v. C. P. Carter Construction Company, 206 Okl. 484, 244 P.2d 822.

The complaint of plaintiff is not supported by the facts or the law.

Affirmed.

WILLIAMS, C. J., and IRWIN, BERRY, BARNES and DOOLIN, JJ., concur.

SIMMS, J., dissents.

HODGES, V. C. J., and LAVENDER, J., not participating.