**D. L. McDANIEL, Appellant,**

v.

**C & G WELL SERVICING COMPANY, a corporation, and Charles McGuire, Appellees.**

No. 45489.

Supreme Court of Oklahoma.

Feb. 18, 1975.

Rehearing Denied June 3, 1975.

Jack B. Sellers and Allen B. Mitchell, Sapulpa (Joe A. Moore, Memphis, Tenn., of counsel on the brief), for appellant.

Robert S. Baker, Oklahoma City (Pierce, Couch, Hendrickson, Gust & Short, Oklahoma City, of counsel), for appellees.

DAVISON, Justice:

This personal injury action was brought by a mineral lease owner (McDaniel) against an oil well servicing enterprise (C & G) and its agent (McGuire). The petition alleges, inter alia, negligence on the part of McGuire which caused an explosion injuring McDaniel. The answer by C & G and McGuire alleges, among other affirmative defenses, contributory negligence on the part of McDaniel.

The trial court rendered judgment on a jury verdict in favor of C & G and McGuire. Conflicting evidence was ad-

duced at trial concerning the cause of the explosion. However a third party, who was at the site of the explosion discussing the painting of a tank battery, testified that just before the explosion the Plaintiff said "I am going to light it." The same party testified that the Plaintiff had a cigarette behind his ear and that although he didn't ask the Defendant for a light, he asked if he (the third party) had a light. The Defendant himself testified that upon reaching the site of the explosion the Plaintiff was standing in front of the heater with a long wire with a rag tied to it, referred to as a "torch", and that as he walked towards the Plaintiff the Plaintiff said "someone give me a match," and Defendant lit his cigarette lighter. There was sufficient evidence to go to the jury on the question of contributory negligence.

■ On appeal, McDaniel relies for reversal by reason of the trial court giving Instruction No. 10, asserting that said instruction was erroneous and prejudicial by placing an improper burden on him.

Instruction No. 10 is as follows:

"Should you find by a preponderance of the evidence that . . . plaintiff was not guilty of contributory negligence, then your verdict should be for the plaintiff and against the defendants, but . . . should you find from the evidence that plaintiff was guilty of contributory negligence *as defined in these instructions,* . . . your verdict should be for the defendants." (Emphasis added.)

In addition to Instruction No. 10 the Court also instructed the jury as follows:

Instruction No. 1:

" * * * Likewise, the burden of proof is upon the defendants to establish the affirmative defenses alleged in the Answer, . . ."

Instruction No. 4:

" * * * In this connection if you find from a preponderance of the evidence that in the accident complained of the defendants were guilty of negligence, as alleged in the Petition and as defined in these instructions, and if you further find from a preponderance of the evidence that the plaintiff was guilty of contributory negligence, *as alleged in the Answers of the defendants and as defined in these instructions,* and that such negligence of the defendants and such contributory negligence of the plaintiff joined and concurred in proximately producing the damages complained of by the plaintiff, then the plaintiff cannot recover on the Petition against the defendants." (Emphasis added.)

Instruction No. 9:

" * * * Likewise, the mere proof of an accident or injury carries with it no presumption of contributory negligence, *but the burden of proof as to contributory negligence rests on the party alleging the same* as heretofore set out in these instructions." (Emphasis added.)

Instruction No. 12:

" * * * These instructions contain all of the law, whether statute or otherwise, to be applied by you in this case, and the rules by which you are to weigh the evidence and determine the facts in issue. *You must consider the Instructions as a whole and not a part to the exclusion of the rest.*" (Emphasis added.)

We find the instructions given by the trial court to the jury in this case, taken as a whole, including Instruction No. 10, properly define the law applicable to the facts in this case. The burden of proof is not mentioned in Instruction 10, but is definitely provided for in the other quoted instructions. We do not find that the instructions ambiguously define the concepts of contributory negligence, or shift the burden of disproving same to the plaintiff.

We have many times held that a case should not be reversed on the question of instructions when the instructions, taken as a whole, has apparently not misled the jury. Great Atlantic and Pacific v. Mullen, Okl., 301 P.2d 217; Sanders v. C. P. Construc-

tion Co., 206 Okl. 484, 244 P.2d 822 and Neely v. Morris, Okl., 333 P.2d 301.

We hold that the instructions, taken as a whole, in the present case, were not misleading to the jury and that the giving of Instruction No. 10 was not fundamental error.

Appellees also argue that when Instruction 10, which was not excepted to nor an additional instruction submitted by appellant, that the belated objection to the instruction was waived. Since we have decided the case on the proposition as hereinbefore set forth we find it unnecessary to decide this question.

The decision of the Court of Appeals is accordingly reversed, and the judgment of the trial court affirmed.

Court of Appeals reversed: trial court affirmed.

All Justices concur.